LINCOLN INVESTMENT COMPANY *vs.* MABEL A. JAMES.

MABEL A. JAMES *vs.* LINCOLN INVESTMENT COMPANY.

Suffolk.    June 30, 1927. — July 1, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Auditor's report.    *Contract,* Rescission, Implied, Validity.    *Deceit.*

Where an action of contract is referred to an auditor and afterwards is heard by a judge without a jury upon the auditor's report, no requests for rulings are asked for and no rulings of law are made, and the defeated party excepts merely to the findings against him and the judge reports the action to this court for determination, the excepting party is entitled to prevail only if as a matter of law he should do so upon the findings of fact made by the auditor.

If a woman, by reason of numerous false statements of fact, which were known to the authorized agent of a certain corporation holding itself out as a broker to be false, were material and were believed and relied on by her, was induced to sign a contract with the corporation whereby the corporation was authorized to buy for her account at a stated price certain shares of stock in another corporation and to pay it money in partial payment therefor, she has an adequate defence to an action of contract by the broker corporation for the purchase price of the stock and may maintain an action of contract against it for a deposit she had made with it on account of the contract.

The mere fact that, after discovery of one only of several misrepresentations made by the corporation and relied on by her as an inducement to the contract, the woman by her agent wrote a letter to the corporation containing a confirmation of the contract, would not require a ruling of law that such letter constituted an affirmation of the contract with knowledge of all the material circumstances nor barred her from relying on the other misrepresentations made to her and acted upon by her to her harm.

Where the corporation retained the stock which it had agreed to sell to the woman, in the circumstances above described, because it was not paid for by her in full, it was not necessary that she should tender back anything to the corporation as a condition precedent to her right to maintain an action of contract for the deposit made by her on account of the contract.

CONTRACT for alleged breach of a contract in writing for the purchase of certain shares of stock by the defendant

through the plaintiff. Writ in the Municipal Court of the City of Boston dated July 25, 1922. Also, an action of

CONTRACT by the defendant in the first action against the plaintiff therein for $600 alleged to have been paid to the corporation under the provisions of the contract in writing which is the basis of the first action and which the plaintiff alleged she was induced to enter into by false and fraudulent representations by the defendant, its agents and servants. Writ dated November 14, 1923.

The actions were referred to an auditor. Material facts found by him are stated in the opinion. The actions then were heard together in the Superior Court by *Weed,* J., without a jury. He found for the defendant in the first action and for the plaintiff in the second action in the sum of $692.50 and reported the actions to this court for determination.

The cases were submitted on briefs.

*H. W. Cole,* for Lincoln Investment Company.

*G. M. Poland & F. H. Davis,* for Mabel A. James.

RUGG, C.J. These actions of contract were heard in the Superior Court upon the report and supplemental report of an auditor. No other evidence was introduced. There was a general finding in favor of the defendant in the first case and in favor of the plaintiff in the second case. There were no requests for rulings and no rulings of law were made. The Lincoln Investment Company excepted to the finding in each case, and those exceptions come before us now by report. No other exceptions were saved.

These exceptions can be sustained only on the ground that as matter of law the Lincoln Investment Company was entitled to prevail upon the auditor's report. When only one conclusion is possible as matter of law upon an auditor's report, then a ruling to that effect may be insisted upon. *Wakefield* v. *American Surety Co. of New York,* 209 Mass. 173, 176. *Fisher* v. *Doe,* 204 Mass. 34, 40, 41. That result is not required in the case at bar.

The findings in the auditor's report are to the effect that Mrs. James was induced to sign a contract with the Lincoln Investment Company, whereby the latter was authorized

to buy for her account at a stated price certain shares of stock in a corporation and to pay it money in partial payment therefor by reason of numerous false statements of fact, then known to the authorized agent of the company to be false, which were material and which were believed and relied on by Mrs. James. It is elementary that these findings make out a cause of action sounding in deceit. They afford defence to an action of contract by the deceiving party and basis for recovery of consideration paid by the party deceived.

The letter signed by the agent of Mrs. James containing an affirmation of the contract was written after notice had come to her of the falsity of only one of the several material misrepresentations made to and relied upon by Mrs. James as inducements to the contract. It could not have been ruled as matter of law that this letter constituted an affirmation of the contract with knowledge of all the material circumstances. She was not thereby debarred from relying on the other misrepresentations made to her and acted upon by her to her harm.

It is the ordinary rule that, upon discovery of fraudulent misrepresentations which have induced the making of a contract, the injured party upon rescission must tender back the fruits received under the contract. That was not necessary in the case at bar for the reason that the plaintiff retained the stock which was the subject matter of the contract because not paid for in full. Hence Mrs. James had nothing to tender back. That principle, therefore, has no application to the case at bar. Moreover, whether the letter constituted a waiver of her cause of action was a question of fact. The general finding in favor of Mrs. James imports a finding of all subsidiary facts essential to support that finding. The substance of the auditor's report was entirely in favor of Mrs. James. It amply warranted a finding in her favor.

The contract between the parties was based on the underlying assumption that the Lincoln Investment Company was a broker with reference to the sale of the stock. The fact that it was itself an undisclosed principal rather than a

broker is a further factor in supporting the conclusion of the trial judge. It cannot be said as matter of law that there was any error in the findings made by the trial judge.

In each case the exceptions are overruled and the findings of the judge affirmed.

*So ordered.*