*Southern Division*
## ALAN L. WINGATE
### v.
## JOHN J. McGRAIL
### and
## JESSIE A. McGRAIL

*Callan, J.* The plaintiff seeks in this action of contract to recover a real estate broker's fee. The declaration is in two counts, the first being for breach of a written contract and the second for a recovery on a *quantum meruit* basis. The defendants answered by a general denial.

There was evidence tending to show that the son of the plaintiff, who was a real estate broker, was employed by him to buy and sell real estate. A written agreement was executed by the son, and the defendant, John J. McGrail, hereinafter referred to as the defendant, as follows:

EXCLUSIVE LISTING AGREEMENT
BETWEEN
J. J. McGrail
and
A. L. Wingate, Agent

Date 12 June 1951

For and in consideration of your agreement to list for sale the real estate described below, and of your efforts to find a buyer for the same, I hereby grant to you the exclusive right to sell or to contract to sell said real estate within a period of one month from the date hereof, and thereafter until you receive from me a ten days' written notice cancelling this agreement, for the price and upon the terms herein stated, and I hereby agree to furnish complete abstract of title to said property and to execute a deed in due form of law, conveying a marketable title to same, in which my wife or husband will join, to such persons as you shall have sold or agreed to sell the same,

and for your services I hereby agree to pay you the rate of commission herein stated, upon any sale or contract for the sale of said real estate made while this agreement remains in force, whether such sale be made by yourself, or by ourselves, or by myself, or any other person or persons, or whether at the price and upon the terms stated herein, or at a different price or upon other terms, provided such different price or other terms shall first be accepted by me.

The real estate covered by this agreement consists of a 6 room bungalow with garage at 46 Waldron Rd., E. Braintree, Gross Price $12,500., Commission $600.00.

It is further agreed that upon any sale or contract for the sale of said real estate made by me within three months next after the cancellation of this agreement to any person with whom you have had negotiations for sale of the same and of which I shall have been notified, I will pay you the usual rate of commission as approved by the MASSACHUSETTS REAL ESTATE EXCHANGE.

/s/ A. L. Wingate

Accepted /s/ J. J. McGrail

The copy retained by the defendant was dated June 2nd, 1951 and the plaintiff's copy was dated June 12, 1951. Both copies had been written by the son where writing was required, and other than date were identical.

On July 3rd, 1951 the defendant called the plaintiff on the telephone and said he had a friend interested in buying the property at a lesser price and asked if it would be alright to go ahead and show them the property. To this the plaintiff gave his assent. On July 6th the defendant called at the plaintiff's office and received the keys, stating that he regretted the sale had not gone through his (plaintiff's) office. The plaintiff made no comment.

The plaintiff's son testified he learned another real estate broker had shown the property and had made the sale, in consequence of which the plaintiff, on July 10th, wrote a letter to the de-

fendant as follows:

July 10, 1951

Mr. J. J. McGrail
46 Waldron Road
So. Braintree 85, Mass.

Dear Mr. McGrail:

Will you kindly get in touch with us relative to our exclusive sale of your property which does not expire until July 12, 1951.

There seems to be some misunderstanding regarding this deal. I remember you calling me up and stating that you had a friend who was very much interested, but that you had told him we had the exclusive sale. I now understand from my son that another real estate broker has sold the property, and that he and other brokers have been showing the place.

Will you please call at our office as soon as possible to talk this matter over.

Yours truly,
(Signed) Alan L. Wingate
Alan L. Wingate

The defendant testified that on July 5th, 1951, one Adams, who worked as a mail carrier and also for a Mr. Waldron who was a real estate broker, called him and asked if he would sell the property, and it was because of this that the defendant had called the plaintiff.

The defendants filed the following requests for rulings:

1. Upon all of the evidence there is not a sufficiency of evidence to sustain a finding for the plaintiff.

2. As a matter of law, the so-called exclusive right of sale as set forth in the declaration and marked Exhibit A does not recite a valid consideration sufficient to sustain the plaintiff's cause of action.

3. As a matter of law the defendants promise as set forth in said written instrument is unilateral and without consideration.

4. The acceptance of an offer to a unilateral contract must be by all acts contemplated by the offer.

5. In order for the plaintiff to recover it was necessary that he procure a customer ready, willing and able to purchase for the sum of $12,500.00.

6. If the plaintiff told the defendant that he might sell the property he is barred from recovery.

7. The plaintiff as a matter of law could release the defendant from any contractual obligations under the agreement by an oral release.

The judge denied Numbers 1, 2, 3, 5, 6, and referred to his findings of facts. Number 4 was allowed but inapplicable to this case and No. 7 was allowed but inapplicable on the Court's finding of facts. The judge made a finding of facts. He found for the plaintiff against John J. McGrail on the express contract.

The defendants claiming to be aggrieved by the Court's rulings on their requests, except No. 5, this case is reported to the Appellate Division.

It would appear to us that all the material evidence in this case has not been reported as certain evidence is referred to in the defendants' brief and the judge has made certain findings of fact concerning this evidence, but we fail to find any evidence on the points.

So far as the defendant Mrs. McGrail is concerned the judge found that she was not liable, leaving Mr. McGrail as the sole defendant.

In the case of *Bartlett* v. *Keith*, 325 Mass. 265, it was decided that the agreement in issue giving the exclusive right of sale for a fixed period was a unilateral contract without consideration and revokable at any time before performance by the broker. We do not interpret this case as meaning that a bilateral contract with consideration could not be made between a seller and broker. *Elliott* v. *Kazajian*, 255 Mass. 459, 462.

Though a contract giving a broker an "exclusive agency" as to property may be defined as an agreement by the owner that during the life of the contract he will not sell the property to a

purchaser procured by another agent, which agreement does not preclude the owner himself from selling to a purchaser of his own procuring, yet a contract giving a broker "exclusive sale" of property is more than such exclusive agency, and is defined as an agreement by the owner that he will not sell the property during the life of the contract to any purchaser not procured by the broker in question. *Harris* v. *McPherson,* 97 Conn. 164.

The provisions of the agreement in the case before us mean that for one month from the date of the agreement the defendant agreed with the broker that he was to have the exclusive right to offer the property for sale and that during that period the offer could not be withdrawn. After that time the defendant could revoke the broker's authority but until such revocation had been given to the broker in writing, the power to offer the property remained with the broker. This view is strengthened by the fact that a later clause in the agreement reads, "and for your services I hereby agree to pay you the rate of commission herein stated, upon any sale or contract for the sale of said real estate made while this agreement remains in force, whether such sale is made by yourself, or by ourselves, or by myself, or any other person or persons, etc.", and it is still later provided in the agreement that "upon any sale or contract for the sale of said real estate made by me within three months next after the cancellation of this agreement to any person with whom you have had negotiations for sale of the same and of which I shall have been notified I will pay you the usual rate of commission as approved by the Massachusetts Real Estate Exchange." If the right of exclusive sale was unilateral and the defendant had the right to revoke the same at any time and escape liability the clauses just above referred to would be meaningless.

This is not at variance with the *Bartlett* case as in the case in issue the agreement with the broker was bilateral and founded on a consideration. *Coan* v. *Holbrook,* 327 Mass. 221.

The defendant offered to the plaintiff broker an exclusive right of sale in consideration of his listing the property and exerting his efforts to find a buyer. This clause is in the conjunctive. If the parties considered these two things as sufficient to constitute a basis or a consideration for an exclusive right to sell the Court will treat the agreement as a bilateral one. The plaintiff impliedly promised to list the real estate in question and to exert his efforts to find a buyer. *John T. Burns & Sons, Inc.* v. *Brasco,* 327 Mass. 261.

Written contracts bearing the signature of both parties, which on their face and by their express terms appear to be obligatory on one party only, create a corresponding and co-relative obligation on the other party by implication. *Minneapolis Mill Co.* v. *Goodnow,* 40 Minn. 497.

To constitute a legal consideration there must be either a benefit to the maker of the promise, or a loss, trouble or inconvenience to, or a charge or obligation resting upon the party to whom the promise is made. *Forster* v. *Fuller,* 6 Mass. 58; *Cottage Street M. E. Church* v. *Kendall,* 121 Mass. 528.

The judge found the plaintiff performed his part of the agreement to make it a binding bilateral agreement. A broker may not want to list property given him to sell, having in mind a particular customer to whom he wishes to show the property and interest in the sale. While the Court in the *Bartlett* case said that listing of property was not sufficient consideration, the reason was that the agreement said nothing about listing.

Although there was a difference of date on the copy of the agreement held by the plaintiff from

that held by the defendant, the court found the date to be June 2, 1951.

The exclusive sale without right of revocation expired accordingly on July 2, 1951. The judge found, although there does not appear to be any evidence on this point that notice of cancellation was received by the plaintiff on July 3, 1951. The agreement would, therefore, expire under its terms on July 13th, 1951. On July 6th the property was sold through another broker and the plaintiff then became entitled to his commission.

Under the terms of the contract the defendant agreed "and for your services I hereby agree to pay you the rate of commission herein stated, upon any sale or contract for the sale of said real estate made while this agreement remains in force, whether such sale be made by yourself, or by ourselves, or by myself, or any other person or persons, etc."

It is contended by the defendant that the plaintiff waived the requirement of a written revocation and that the contract had terminated when the property was sold. Waiver is an intentional relinquishment of a known right and is not open as a defense under a general denial. It must be pleaded and proved by the party alleging it, *Nashua River Paper Co.* v. *Lindsay,* 242 Mass. 206. Even if it had been pleased the judge has found that there was fraud on the defendant's part in inducing the plaintiff to a waiver. *Lincoln Investment Co.* v. *James,* 260 Mass. 541; *Willett* v. *Herrick,* 258 Mass. 585.

The findings of the judge and his ultimate finding do not appear to be wrong and all the defendant's requests become immaterial. *Conde' Nast Press, Inc.* v. *Cornhill Publishing Co.,* 255 Mass. 480, 485.

There does not appear to be any prejudicial error and the order must be report dismissed.