ULYSSES F. DES RIVIERES *vs.* MARIE M. SULLIVAN.

Suffolk.     December 7, 1923. — January 11, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Broker*, Exclusive, Termination of agency. *Agency*, Termination of brokerage contract. *Contract*, Construction. *Words*, " Exclusive agent," " In any event."

An owner of real estate signed and delivered to a real estate broker the following writing: " I hereby employ . . . [the broker] as exclusive agent to sell my houses . . . [describing them] for a price of not less than $12,000 and I agree to pay him a regular broker's commission, in any event, when a sale is consummated. . . . [the broker] is to do his advertising and showing of the property at his own expense." *Held*, that

(1) The writing was an offer by the owner to pay the broker a broker's commission when the transaction contemplated was performed by him, was unilateral, and was without consideration until performance by the broker;

(2) The promise could be revoked at any time before performance by the broker;

(3) The words, " exclusive agent," did not deprive the owner of the power to revoke the broker's authority and sell the property himself without liability to pay a commission to the broker if the purchaser was not procured by him;

(4) The words, " in any event," did not make the owner liable to pay a commission unless the broker was the efficient cause of the sale, and did not impose liability upon the owner when the sale was the result of his own efforts;

(5) An agreement made by the owner to sell the property, previous to learning of such an agreement made by the broker in the owner's behalf with a different purchaser on the same day, revoked the broker's authority: the broker's power was not coupled with an interest and came to an end when the subject matter of the agency was disposed of by the principal;

(6) The mere making of the contract with his customer did not entitle the broker to a commission; but, in order that he become so entitled, it was necessary that he produce the purchaser and bring the transaction to the owner's notice while his authority still was unrevoked;

(7) The owner having procured a purchaser before receiving notice from the broker of the purchaser he had procured, no notice by the owner terminating the agency was necessary to bar a claim by the broker for a commission.

CONTRACT for the recovery of a commission as real estate broker alleged to be due under an express contract. Writ in the Municipal Court of the City of Boston dated March 2, 1923.

Material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1. There is no sufficient proof of a contract of exclusive agency in this case."

" 3. Defendant under agreement, was not precluded from selling property herself, without liability for commission to plaintiff.

" 4. The agency was terminated by revocation before performance by plaintiff.

" 5. Contract, if then subsisting, was terminated without liability for commission, by principal's sale of the property."

" 8. At the time of sale of the property, there was no subsisting contract of brokerage between plaintiff and defendant.

" 9. As a matter of law, the plaintiff is not entitled to a commission.

" 10. On all the evidence, the plaintiff cannot recover.

" 11. On the law and the evidence, the plaintiff cannot recover."

The judge found and ruled as follows: " I find that the defendant employed the plaintiff on the terms stated in the writing of January 18, 1923, and that the plaintiff accepted employment on those terms, and busied himself thereunder. The basis of my finding is the sale by her. In view of the written terms, the case is not an offer for an act as in ordinary brokerage. I rule that he was entitled to his commission if she sold, and that the contract could not be revoked, as

the defendant testified it was, on a Sunday, with any legal effect. In the light of these findings and rulings, I refuse all the defendant's requests for rulings."

There was a finding for the plaintiff in the sum of $420. The action was reported to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*B. E. Carbin & R. J. Hartford*, for the defendant.

*E. B. Cox*, for the plaintiff.

CARROLL, J. The defendant signed and delivered to the plaintiff, a real estate broker, this writing:

"Boston, January 18, 1923

I hereby employ W. F. Des Rivieres as exclusive agent to sell my houses at 389 and 391 Salem Street, Medford, Mass., for a price of not less then twelve thousand dollars ($12,000.00) dollars and I agree to pay him a regular broker's commission, in any event, when a sale is consummated.

W. F. Des Rivieres is to do his advertising and showing of the property at his own expense.

MARIE M. SULLIVAN."

The declaration alleges that the defendant agreed to make the plaintiff her exclusive agent, as stated in the agreement; and that the plaintiff secured a purchaser but was informed the defendant had already sold the property.

There was evidence tending to show that the plaintiff submitted several offers of less than $12,000 from prospective purchasers, which offers were refused; that on Sunday, February 25, 1923, the plaintiff submitted to the defendant an offer of $12,000 for the purchase of the property, only a few hundred dollars of which was to be paid in cash, the remainder to be on mortgage, and that this offer was refused, the defendant then informed the plaintiff "Not to bother about the property any more, I will sell it myself;" that on February 27 defendant made a written agreement to sell the real estate to her own purchaser; that on February 28 the plaintiff was notified by the defendant's attorney that a sale had been made by the defendant; that on March 1,

the plaintiff was informed by the defendant's daughter that her mother had sold the property to her own purchaser. On February 27 the plaintiff secured a purchaser able, ready and willing to buy the real estate for $12,000.

The writing signed by the defendant was an offer on her part to pay the plaintiff a broker's commission when the transaction contemplated was performed by him. The defendant's promise was unilateral; it was without consideration until the performance of the condition; the promise could be revoked at any time before performance by the plaintiff.

" Where one promises to pay another a certain sum of money for doing a particular thing, which is to be done before the money is paid, and the promisee does the thing, upon the faith of the promise, the promise, which was before a mere revocable offer, thereby becomes a complete contract, upon a consideration moving from the promisee to the promisor; as in the ordinary case of an offer or reward." *Cottage Street Church* v. *Kendall,* 121 Mass. 528, 530. *Bornstein* v. *Lans,* 104 Mass. 214. *Wellington* v. *Apthorp,* 145 Mass. 69. *First National Bank* v. *Watkins,* 154 Mass. 385. *Auerbach* v. *Internationale Wolfram Lampen Aktien Gesellschaft,* 177 Fed. Rep. 458. *Train* v: *Gold,* 5 Pick. 380.

It is a general rule that by employing a broker to secure a customer, the principal, in the absence of an agreement to the contrary, has the right to revoke the appointment and make the sale himself. *Cadigan* v. *Crabtree,* 179 Mass. 474. *Cadigan* v. *Crabtree,* 186 Mass. 7, 12. *Kimball* v. *Hayes,* 199 Mass. 516, 520.

The plaintiff was appointed the " exclusive agent " of the defendant to sell the real estate, but the term " exclusive " did not deprive the defendant of the power to revoke the agent's authority and sell the property herself without liability to pay a commission to the broker if the purchaser was not procured by him. *Dole* v. *Sherwood,* 41 Minn. 535.

As explained by Hand, J., in *Auerbach* v. *Internationale Wolfram Lampen Aktien Gesellschaft, supra,* where there was an exclusive agency given to sell certain patents, that not-

withstanding an exclusive agency was given to sell, the promise by the owner was unilateral and the agency revocable. See *Chambers* v. *Seay,* 73 Ala. 372; *Beck* v. *Howard,* 43 S. Dak. 179; *Levander* v. *Johnson,* 181 Wis. 68. *Kolb* v. *Bennett Land Co.* 74 Miss. 567.

In *Harris* v. *McPherson,* 97 Conn. 164, the plaintiff was given " the exclusive sale " of the defendant's property, and not merely the " exclusive agency " to find a customer. As was pointed out in the majority opinion, a contract employing a broker as an exclusive agent " does not preclude the owner from selling to a purchaser of his own procuring." *Ingold* v. *Symonds,* 125 Iowa, 82.

In *Wier* v. *American Locomotive Co.* 215 Mass. 303, *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, and *Garfield* v. *Peerless Motor Car Co.* 189 Mass. 395, the agent was given the exclusive agency to sell the defendant's product in a certain territory under a contract between the parties founded upon a sufficient consideration. These decisions are not in conflict with the rule that where a unilateral promise is made to pay a broker a commission when a sale is made by him, and he is appointed the exclusive agent, a sale by the owner to a customer secured by himself revokes the authority of the agent. " A regular broker's commission " was to be paid the plaintiff " in any event, when a sale is consummated." The payment of a broker's commission " in any event " was to be made when the sale was effected by the plaintiff, but the words " in any event " did not make the defendant liable to pay the commission, unless the plaintiff was the efficient cause of the sale, and did not impose liability upon the defendant when the sale was the result of her own efforts.

There was evidence that the defendant made a written contract to sell the real estate to her own purchaser on February 27, 1923; the plaintiff was notified of this agreement on February 28. While the plaintiff had a purchaser able, ready and willing to buy the property for $12,000 on February 27, there was no evidence that the defendant knew of this, when she made the agreement to sell to the purchaser whom she procured. Assuming but not deciding

that the revocation attempted on February 25, 1923, when the plaintiff was informed by the defendant "Not to bother about the property any more" was ineffectual, because made on the Lord's day — see *Kryzminski* v. *Callahan*, 213 Mass. 207; *Stevens* v. *Wood*, 127 Mass. 123; *Rheem* v. *Carlisle Deposit Bank*, 76 Penn. St. 132; *Chrisman* v. *Tuttle*, 59 Ind. 155 — the owner by her sale revoked the authority of the plaintiff before she knew the plaintiff had a purchaser. The offer appointing the plaintiff to secure a customer, and giving him the exclusive agency, was revocable and was in fact revoked by the sale to one whom the plaintiff did not produce. The broker's power was not coupled with an interest, it came to an end when the subject matter of the agency was disposed of by the principal. *Ahern* v. *Baker*, 34 Minn. 98. *Walker* v. *Denison*, 86 Ill. 142. *Dolan* v. *Scanlan*, 57 Cal. 261. *Beck* v. *Howard*, *supra*. *Gilbert* v. *Holmes*, 64 Ill. 548, 561.

The plaintiff had no notice of this sale by the defendant until February 28. The defendant's offer to the plaintiff was to pay the commission "when a sale is consummated." Even if this language means no more than the production of a purchaser able, ready and willing to buy, until the customer was produced or the owner had notice of the completion of the negotiations with the broker, the owner was free to sell to her own customer without liability to the plaintiff. The mere making of the contract with his customer did not entitle the plaintiff to a commission; he was required to produce the purchaser and bring the transaction to the defendant's notice. *Tinges* v. *Moale*, 25 Md. 480. *Gilbert* v. *Holmes*, *supra*. See *Wylie* v. *Marine National Bank*, 61 N. Y. 415. Mechem on Agency, (2d ed.) § 2460. See also *Goodnough* v. *Kinney*, 205 Mass. 203, 204; *Cohen* v. *Ames*, 205 Mass. 186, 188; *Taylor* v. *Schofield*, 191 Mass. 1, 4. Since no notice was given to the defendant that the plaintiff had secured a purchaser able, ready and willing to buy, when she had made sale of the property, the agency was revoked and notice of this revocation was not essential to bar the plaintiff's claim. See *Wylie* v. *Marine National Bank*, *supra*; Mechem on Agency, *supra*.

The trial judge ruled that the plaintiff was entitled to his commission if the defendant sold the real estate and based his findings on the sale made by her; this was error, and it was error to refuse the defendant's requests that the defendant " was not precluded from selling property herself, without liability for commission to plaintiff. . . . Contract . . . was terminated without liability for commission, by principal's sale of the property."

The order of the Appellate Division must be reversed and judgment entered for the defendant.

*So ordered.*