FLORENCE M. BARTLETT *vs.* PHYLLIS L. KEITH.

Plymouth. December 6, 1949. — February 3, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Broker*, Commission, Exclusive right of sale. *Contract*, What constitutes.

A promise by an owner of land to a real estate broker that he should have an exclusive right of sale of the property was merely an offer to pay a commission, contemplating acceptance by the broker by performance consisting of procuring a purchaser ready, able and willing to buy on the owner's terms, and was revoked where, without fraud, the owner sold the property to a customer whom he himself had procured before such performance by the broker: no contract between the owner and the broker arose.

CONTRACT. Writ in the Superior Court dated August 9, 1947.

The action was tried before *Warner*, J.

*O. V. Fortier*, (*J. H. Bartlett* with him,) for the plaintiff.
*W. F. Henneberry*, for the defendant.

WILKINS, J. The plaintiff, a real estate broker, sues for a commission, and sets up a breach of the following alleged exclusive sale agreement: "June 16, 1947, Exclusive sale of property. #26 Prospect St., West Bridgewater Mass., to my agent Florence M. Bartlett. We are asking $12,000 (will take as low as $11,000). She is to have exclusive sale of same — for 90 days. [Sgd.] Phyllis L. Keith." The plaintiff's only exception is to the granting of the defendant's motion for a directed verdict.

The jury could have found these facts from the testimony of the plaintiff, the only witness. On June 16, 1947, in a conversation with the defendant as to the sale of the de-

fendant's property the plaintiff said that she would list it if she received "an exclusive sale" for ninety days, but not otherwise. The writing quoted above was then made out by the plaintiff and signed by the defendant. The plaintiff advertised the property, "probably fifty" telephone calls resulted, and "she worked on the job." She had the key to the house, and talked with members of a McDonald family. In the latter part of July she told the defendant that she had to go away for a week or ten days. The defendant answered, "All right." The plaintiff later called the defendant to report her return and to say that she had several interested customers. The defendant said, "Oh, don't sell it again. I have already sold it." The plaintiff asked, "Did you sell it to one of the McDonald family?" The defendant replied, "I sold it to my cousin. We tried every way to get you, and we couldn't reach you."

The declaration alleges that the defendant "gave an order or contract" to the plaintiff to sell the property, "making a contract at the time giving the plaintiff the exclusive right to sell" for ninety days; that the plaintiff advertised the property, and consulted with prospective purchasers; that in violation of "the said contract" the defendant sold the property for $10,000 to a buyer attracted by the plaintiff's advertisements; and that the defendant owes the plaintiff a commission of five per cent on that sum, "as was agreed upon."

The allegations of a sale for $10,000, or to a buyer in effect procured by the plaintiff, or of an agreement to pay a commission of a definite per cent are not sustained by the testimony. There is no count on a quantum meruit. See *Altman* v. *Goodman,* 255 Mass. 41, 43–44; *Simon* v. *Lettiere,* 257 Mass. 563, 570; *Frankina* v. *Salpietro,* 269 Mass. 292, 295. But the breach of a contract, if there was a contract, would give rise to nominal damages at least. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 655, and cases cited.

The question for decision is whether there was a contract entitling the plaintiff on the evidence to recover nominal

damages because of a sale by the defendant herself to a customer not procured by the plaintiff. The effect of giving an exclusive right of sale has not been adjudicated in this Commonwealth. In *Des Rivieres* v. *Sullivan*, 247 Mass. 443, where an exclusive agency was given, it was held that the owner could terminate the agency without liability by making a sale himself, and a case of giving a broker the exclusive right of sale was distinguished (page 447). See *Ward* v. *Fletcher*, 124 Mass. 224; *Pagum* v. *White*, 259 Mass. 437, 439; *Chamberlain & Burnham, Inc.* v. *Cohn*, 261 Mass. 322, 324. In the *Des Rivieres* case it was said, "The writing signed by the defendant was an offer on her part to pay the plaintiff a broker's commission when the transaction contemplated was performed by him. The defendant's promise was unilateral; it was without consideration until the performance of the condition; the promise could be revoked at any time before performance by the plaintiff" (page 446). "The offer appointing the plaintiff to secure a customer, and giving him the exclusive agency, was revocable and was in fact revoked by the sale to one whom the plaintiff did not produce. The broker's power was not coupled with an interest, it came to an end when the subject matter of the agency was disposed of by the principal" (page 448). See Williston, Contracts (Rev. ed.) § 60A.

We think that the *Des Rivieres* case is controlling here. In our opinion the defendant's promise was just as much unilateral and equally without consideration until the performance of the condition, as though the broker had been given an exclusive agency rather than an exclusive right of sale. Here the condition was at least the procuring of a customer who was able, willing, and ready to buy on the owner's terms. See *Walker* v. *Russell*, 240 Mass. 386, 390. The plaintiff's contention that by listing the property she fully performed the service required is fallacious. The writing says nothing of the kind, and the usual rule is to the contrary. *Elliott* v. *Kazajian*, 255 Mass. 459, 461. *Walsh* v. *Grant*, 256 Mass. 555, 557. *John T. Burns &*

Sons Inc. v. Hands, 283 Mass. 420, 422. The defendant's objective, like that of any seller, did not stop with the placing of her property on the plaintiff's list. Nor is the plaintiff's case aided by asserting that the defendant bound herself for ninety days when she did not bind herself at all. The acceptance of an offer to a unilateral contract must be by all the acts contemplated by the offer. Northampton Institution for Savings v. Putnam, 313 Mass. 1, 7.

There was no fraudulent revocation, and once the question of consideration is analyzed, this case falls within the usual principles of brokerage cases. Cadigan v. Crabtree, 179 Mass. 474, 480–481. Elliott v. Kazajian, 255 Mass. 459, 461–462. Walsh v. Grant, 256 Mass. 555, 557–558. Rowe v. Koutrouba, 263 Mass. 493, 495. Zakszewski v. Kurovitzky, 273 Mass. 448, 449–450. Brooks v. Gregory, 285 Mass. 197, 205. Cramer v. Wood, 302 Mass. 161, 164. Kacavas v. Diamond, 303 Mass. 88, 92–93. See Eastern Paper & Box Co. Inc. v. Herz Manuf. Corp. 323 Mass. 138, 140.

Exceptions overruled.