MARGARET M. COAN *vs.* CHESTER T. HOLBROOK & another.

Middlesex.    February 9, 1951. — March 16, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract*, What constitutes, For sale of real estate. *Sale*, Contract of sale.

Under a sealed instrument signed by an owner of real estate and a broker under date of December 21, wherein the owner offered to sell the property and authorized the broker to "present this offer to any person for acceptance" "providing this offer is accepted on or before January 31," and agreed "not to withdraw this offer" nor to dispose of the property other than through the broker "within the time above provided, and thereafter until written notice to" the broker, the owner's offer to sell was still open and might validly be accepted by a prospective purchaser on February 2 where the owner had not previously given such written notice.

A certain instrument wherein the owner of described real estate offered to sell it for a specified price and his offer was accepted by a prospective purchaser manifested an intent of the parties to be presently bound to such sale and purchase, although the instrument further provided for signature of the "usual purchase and sale agreement" of the broker in the transaction.

BILL IN EQUITY, filed in the Superior Court on April 24, 1950.

The plaintiff appealed from an interlocutory decree sustaining a demurrer to the bill and a final decree dismissing the bill, entered by order of *O'Brien*, J.

In this court the case was submitted on briefs.

*R. H. Peacock & P. J. Needham*, for the plaintiff.

*H. S. Boyd*, for the defendants.

SPALDING, J.    The allegations of this bill in equity may be summarized as follows: The defendants on December 21, 1949, made a written offer to one Kinchla, a real estate broker, authorizing him to sell a parcel of real estate which they owned in Newton. The essential terms of the offer, which were incorporated in the bill, were these: "Providing this offer is accepted on or before January 31st 1950 . . .

[we] will sell . . . [our] property located at No. 142 on Homer Street in Newton Center Massachusetts, consisting of 29258 square feet of land with the buildings thereon for $13,500 net to be paid for as follows: $13,500 in cash, and in consideration of one dollar, receipt of which is hereby acknowledged, and of your efforts to get this offer accepted, within the time above provided, and thereafter until written notice to you, . . . [we] agree not to withdraw this offer, or to offer said property for sale or lease, or make any disposition of same otherwise or elsewhere, than through you. . . . [We] will, on acceptance, sign your usual purchase and sale agreement, which agreement shall provide for passing papers in or within 90 days from its date and shall also provide for full possession of said premises by the buyer at the time of passing papers free of all tenants . . . . It is expressly agreed that you may accept this offer or present this offer to any person for acceptance or accept in your name for an undisclosed principal." (There were further provisions concerning a broker's commission but these need not concern us.) The instrument, which recited that it was to take effect as a sealed instrument, was signed by the defendants. Beneath the words "Agreed to and undertaken for offering this 21st day of Dec 1949" was the signature of one Hunt on behalf of Kinchla. The instrument also contained the following above the plaintiff's signature, "Within offer accepted this Feb 2nd 1950." The bill alleges that the plaintiff accepted the offer on that date, "said offer being then and there open, [and] unrevoked"; that the defendants without legal justification repudiated the agreement on February 4, 1950, and that the plaintiff has at all times been ready, able and willing to carry out the terms of the agreement. The bill prays for specific performance.

The defendants demurred on the ground of want of equity. An interlocutory decree was entered sustaining the demurrer. From a final decree dismissing the bill the plaintiff appealed.

We are of opinion that the demurrer ought not to have been sustained. The defendants take the position that the offer was not open after January 31, 1950, and that the pur-

ported acceptance of it by the plaintiff on February 2, 1950, was nugatory. At first blush this contention appears plausible, but a careful reading of the agreement will demonstrate its unsoundness. True, the offer starts out with the words "Providing this offer is accepted on or before January 31st 1950 . . . [we] will sell . . . [the property therein described] for $13,500 net," and had it stopped there there would be no basis for contending that an acceptance on February 2 would be effective. However, the agreement goes on to provide "and in consideration of one dollar, receipt of which is hereby acknowledged, and of your efforts to get this offer accepted, within the time above provided, *and thereafter until written notice to you,* . . . [we] agree not to withdraw this offer, or to offer said property for sale . . . or make disposition of same otherwise or elsewhere, than through you" (emphasis supplied). Reading these provisions together they mean that until January 31, 1950, the defendants had agreed with the broker that he was to have the exclusive right to offer the property for sale and that during that period the offer could not be withdrawn.[1] After that date the defendants could revoke the broker's authority but until such revocation had been made on "written notice" the power to offer the property remained in the broker. We interpret the bill as alleging that the defendants had not exercised their rights under this part of the agreement on February 2, 1950, when the plaintiff accepted the offer. Accordingly, on that date the offer was still open and the acceptance at that time by the plaintiff was valid.

The defendants next contend, citing *Chapin* v. *Ruby,* 321 Mass. 512, that if there was an acceptance of the offer it was a qualified one in that it looked to entering into a more formal agreement. The acceptance, it is argued, was

---

[1] This conclusion is not at variance with the recent decision of *Bartlett* v. *Keith,* 325 Mass. 265. There it was held that an exclusive right to sell for a fixed period contained in a unilateral promise without consideration may be revoked during the period. Here the agreement with the broker was bilateral and was founded on consideration; it was also under seal. G. L. (Ter. Ed.) c. 4, § 9A.

merely a preliminary step and no contract was to arise until the final purchase and sale agreement was executed by the parties. We do not agree. There may be situations where, although the preliminary negotiations would be enough in themselves to establish a contract, no contract arises because the parties have manifested an intent that there be no contract until a more formal instrument is·drawn up and executed. · *Doten* v. *Chase,* 237 Mass. 218, 220. *Bates* v. *Southgate,* 308 Mass. 170, 172. *Chapin* v. *Ruby,* 321 Mass. 512, 515. Williston on Contracts (Rev. ed.) § 28. But that is not the case here. The parties, we think, intended to be bound presently. The essential terms of the bargain were agreed to. The execution of the purchase and sale agreement was hardly more than a formality. Such an agreement was not necessarily inconsistent with an intent to be presently bound at the time of the execution of the original agreement. *Nigro* v. *Conti,* 319 Mass. 480, 482–483, and cases cited. "Mutual manifestations of assent that are in themselves sufficient to make a contract will not be prevented from so operating by the mere fact that the parties also manifest an intention to prepare and adopt a written memorial thereof; but other facts may show that the manifestations are merely preliminary expressions as stated in § 25." Restatement: Contracts, § 26. Williston on Contracts (Rev. ed.) §§ 28, 28A.

*Interlocutory decree reversed.*
*Final decree reversed with costs.*