JOHN T. BURNS & SONS, INC. *vs.* LEO BRASCO, JUNIOR.

Middlesex.    February 8, 1951. — April 2, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Broker*, Commission. *Contract*, Implied, With broker.

A landowner who expressly promised to pay a real estate broker "a commission in accordance with the schedule of the Boston Real Estate Exchange" if his premises were sold, was not liable to the broker in an action of contract to recover the "fair value" of alleged "services" in a sale of the premises.

CONTRACT. Writ in the District Court of Newton dated April 11, 1947.

Upon removal to the Superior Court, the action was tried before *Smith*, J.

In this court the case was submitted on briefs.

*J. L. Yesley*, for the defendant.

*T. F. Donnelly*, for the plaintiff.

QUA, C.J.   Under date of May 10, 1946, the defendant and the plaintiff by its employee, one Roche, signed the following agreement:

"Exclusive Sale or Rental Agreement

"To John T. Burns & Sons, Inc. May 10, 1946

"In consideration of your agreement to use all reasonable efforts to sell the premises described on the reverse side of

this card, we hereby appoint you for the period of one month months from this date, exclusive broker for negotiating a sale of the same and will refer all inquiries or offers for the same premises to you. I/We agree to pay you a commission in accordance with the schedule of the Boston Real Estate Exchange if the premises are sold through you, or through others, or directly by us. This Agency shall continue after the aforesaid period until terminated by either party's giving to the other party thirty days' notice in writing. If the said premises shall be sold within six months after the termination of this Agency to anyone whose name shall have been submitted to us during the term of, or at the expiration of, this exclusive listing by you, your commission shall be deemed to have been earned.

"The price at which the property is to be offered is $15,000 but any offers which you have submitted to you will be taken up with me/us and a decision of acceptance or rejection will be made by me/us within 48 hours of the time such offer is submitted to me/us in writing.

Name: s/Leo Brasco, Jr.

Accepted: John T. Burns & Sons, Inc. By: L. J. Roche."

Roche testified that during the period of one month from the date of the agreement he advertised the property for sale in a newspaper, visited it a few times, and brought to the defendant a customer who offered $12,000 for the property, which the defendant refused; that within the month the defendant told Roche that the defendant had a customer who was willing to pay more and who had given the defendant a deposit of $100; that Roche asked the defendant to turn over this customer to him; that the defendant said he "would rather not," as it would interfere with the sale; but that the defendant would pay the plaintiff a commission.

Both Roche and the defendant testified that Roche told the defendant that the agreement was "for one month." The defendant, further testifying, denied having told Roche that he had received a deposit of $100 from anybody or that he would pay any commission. He testified that

after the expiration of one month from the date of the agreement he called the plaintiff and stated that the agreement was no longer in effect; and that he received a deposit from one Roseman some time after the month had expired. It appeared that the defendant sold the property to Roseman, who was not the plaintiff's customer, and that papers were passed on July 23, 1946.

The first two counts of the plaintiff's declaration were to recover a commission. The third count was to recover "the fair value of [the plaintiff's] services." The defendant moved for a directed verdict. The judge "directed the jury" that the plaintiff could not recover on count 1 or count 2 but "denied the motion as to count 3 and submitted the case to the jury on that count. The defendant saved an exception." We construe this as an exception to the ruling that count 3 should go to the jury, since the rulings on the other counts favored the defendant. There was a verdict for the plaintiff on count 3.

It may be that under the written agreement in this case the plaintiff impliedly promised "to use all reasonable efforts to sell the premises" during the period while the "Agency" continued, whatever that period was; that therefore the agreement was bilateral and not the usual offer of a unilateral contract illustrated by such cases as *Des Rivieres* v. *Sullivan*, 247 Mass. 443, *Elliott* v. *Kazajian*, 255 Mass. 459, and *Bartlett* v. *Keith*, 325 Mass. 265; and that the defendant could not terminate it during the period by selling the property or otherwise. *Coan* v. *Holbrook, ante,* 221. But however that may be, the defendant never expressly or impliedly promised to pay the plaintiff the "fair value" of any "services," and he has received nothing of value from any "services" rendered. What the defendant promised to pay was "a commission in accordance with the schedule of the Boston Real Estate Exchange," if under the terms of the agreement the plaintiff should become entitled to a commission. Either the defendant was liable for a commission or he was not liable at all. It was error to allow the jury to find for the plaintiff for the "fair value" of its services.

Whether the plaintiff should have been allowed to go to the jury on the first two counts or either of them on the theory that it was entitled to a "commission" is not before us on this bill of exceptions, and we express no opinion upon that question.

*Exceptions sustained.*