*Northern District*

No. 5074

**HERBERT W. SPENCE**

**v.**

**WALTER E. LAWRENCE**

(April 17, 1957)

*Eno, J.*   This is an action of contract to recover a real estate broker's commission of $1,000.00.

The declaration contains two counts, both being for the same cause of action. By the first count the plaintiff seeks to recover on an express agreement by which the defendant was to pay all over the agreed selling price of $22,000.00. The second count is on an account annexed. The answer is a general denial.

*There was evidence tending to show that* on March 21, 1956, the parties signed the following agreement:

"Mr. Herbert Spence

"In consideration of your agreement to endeavor to procure a purchaser therefor, I hereby employ you as the sole and exclusive agent for the sale of the property described above, for the price and on the terms mentioned, or for or upon any reduced price or other terms to which I shall consent. The

said sale and exclusive agency shall continue until terminated by me upon notice in writing to you given of my intention so to terminate, but in no event shall it be terminated within less than 30 days from the date hereof.

"I agree that if the said property shall be sold or exchanged by me during the term of the said agency, whether effected by you or by myself or by any other person, I shall and will pay to you a commission of 5 percent upon the total selling price and that I will pay you the same commission if, within 6 months after the termination of the said agency I shall sell it to or exchange it with any person with whom you shall have negotiated during the term of the agency.

" 'I acknowledge that I have received and read a copy of this contract.

" 'WITNESS my hand and seal this 21st day of March, 1956.

" 'Accepted        s/Walter E. Lawrence    SEAL
                    OWNER

" 's/Herbert W. Spence
        AGENT' "

The plaintiff testified that the selling price was to be $22,000.00 while the defendant testified it was $22,500.00 *net* for defendant after the payment of the commission.

The plaintiff advertised the property for $24,500.00 and on April 20, 1956 submitted various offers to the defendant ranging from $18,000.00 to $20,000.00, none of which were accepted.

On April 19, 1956 the defendant sent a letter to the plaintiff by registered mail, of which the following is a copy:

"Dear Mr. Spence:

"In order to avoid any further misunderstanding relative to the sale of property belonging to Walter E. and Helen B. Lawrence of 26 Pleasant Street,

Saugus, I desire to set forth the conditions in writing.

"As I stated to you on March 21st when I gave you a thirty day exclusive sale privilege, I wanted the property sold at a price that would net me $22,500.00 after payment of your commission. In accordance with this understanding, you were to advertise the property for sale at a sum of money in excess of $22,500.00 that would allow for your commission of five percent.

"Under date of March 25th, 1956, you advertised the property for sale at $24,500.00. Since March 21st, the date of our agreement, I have never given consideration to any price less than that originally agreed upon. As I told you on Monday evening, April 16th, when you were at my home in the presence of Mrs. Lawrence, I was not interested in any of the offers that were made that would net me less than $22,500.00. If you recall, we both refused to accept the check for $500.00 on the basis of any offer of $20,000.00 top price from Mr. Halpert.

"This letter will also advise you that I have decided to terminate the exclusive sale of this property in accordance with our agreement which expires Friday, April 20th, 1956.

"I sincerely regret there has apparently been some misunderstanding as to the sale price but certainly any casual conversation which I had with any other persons several weeks ago has nothing to do with the agreement made between you and me on March 21st. As you stated yourself, I am of the opinion that I can sell the house at my own terms if I hold out long enough.

> Very truly yours,
> s/Walter E. Lawrence"

The plaintiff tried to reach the defendant by telephone at six o'clock P. M. on April 20, 1956, and on the same evening at 7:30 P. M. called at the defend-

ant's home, the defendant being absent, and told defendant's wife that one Halpert now offered $23,000.00 for the property, which the wife refused. He also told her that he would take as his commission $1,000.

A letter from the plaintiff to the defendant dated April 21, 1956 and postmarked at Lynn at 11:30 P. M. on April 22, 1956 was put in evidence. A copy of this letter is as follows:

"Dear Walter.

"In conformity with our agreement dated March 21, 1956, I am enclosing herewith a written offer by Dr. I. Lawrence Halpert, for a sale price of $23,000 for your property at 26 Pleasant Street, Saugus, Massachusetts. I presented this check and agreement to your wife last night, April 20, 1956, at approximately 7:30 P. M. but she refused to sign it and you were not at home. I have therefore presented a customer to you within the thirty days described in the agreement.

"Irrespective of your letter of April 19, 1956, you originally listed the property with me to sell at a price netting you $22,000. As recently as six weeks ago you told me before witnesses that your lowest net price was $22,000. This re-affirms your original listing price with me. You therefore are unable to vary the terms of the agreement during the time it is in force.

"I am sorry if Mrs. Lawrence is not agreeable to the arrangements which you and I have made, but this does not effect (sic) our contract with each other.

"I have fully performed my part and whether or not you accept Mr. Halpert as the purchaser, I have earned $1,000. May I please hear from you immediately.

Yours truly,
Herbert W. Spence"

On April 21, 1956, the defendant and his wife, as tenants by the entirety, entered into an agreement to sell the property to another party, with whom the plaintiff had never negotiated, for $22,500.00, the sale being consummated on June 9, 1956. The defendant first talked with a representative of that buyer on April 19, 1956.

The court allowed the following requests of the defendant:

"2. If the defendant's contract with the plaintiff was to pay him five per cent commission upon sale of the property by the plaintiff, defendant is not liable for the fair value of plaintiff's services. *John T. Burns and Sons Inc. v. Brasco,* 327 Mass. 261."

"4. Either the defendant was liable for a commission or he was not liable at all. *John T. Burns and Sons, Inc. v. Brasco,* 327 Mass. 261."

and denied the following:

"1. The evidence is insufficient to warrant a finding for the plaintiff."

"3. If the defendant's contract was to pay plaintiff five per cent commission upon sale of the property within thirty days and the property was not sold within thirty days nor to a person with whom plaintiff had negotiated, defendant is not liable in any event."

The court made the following findings of facts: "The defendant listed his home with plaintiff, a real estate broker, and told plaintiff he wanted to realize a minimum of $22,000.00 for his home. The plaintiff advertised property of defendant, showed prospective purchasers the property and did other work in his attempt to sell property of defendant. The plaintiff received a bona fide offer for $23,000.00 for the home of the defendant, together with a check in the amount of $500.00 to bind the agreement. Plaintiff was unable to communicate directly with the defendant at his home about this offer. Plaintiff communicated this offer

to the defendant's wife who refused to accept the offer and the $500.00 check 'unless he (plaintiff) guaranteed $22,500.00 net to them." Plaintiff refused this. Plaintiff told defendant's wife that the $23,000.00 offer would net them $22,000.00, and that $1,000.00 commission 'would satisfy me.' Defendant's wife knew plaintiff was selling their home for them and at one time sent a prospective buyer to the plaintiff. Defendant's wife was active in behalf of her husband in the negotiations with the plaintiff, helped arrange with the plaintiff for prospective purchasers to see the home and discussed financial matters with the plaintiff.

"Plaintiff knew that defendant and his wife owned the property 'together'. I find that defendant held out his wife as his agent to the plaintiff in all matters pertaining to the sale of their home.

"While the contract for sale of defendant's property called for a 5% commission, I find that plaintiff waived any commission due over $1,000. in his talk with defendant's wife on last day of the 'exclusive sale' agreement.

"I find that the plaintiff did produce a buyer who was able, ready and willing to purchase defendant's home on defendant's terms. I find for the plaintiff in the amount of $1,000.00."

The report states that it contains all the evidence material to the questions reported.

The trial judge did not indicate on which count of the declaration he made his finding for the plaintiff. It is necessary, therefore, to examine the report to see if a finding was warranted on either count.

The first request of the defendant was the proper method of raising that question. *Strong v. Haverhill Electric Co.,* 299 Mass. 455, 456; *Bresnick v. Heath,* 292 Mass. 293, 298, 299.

An agreement very similar to the one in this case was considered in *Burns and Sons, Inc. v. Brasco, Jr.,* 327 Mass. 261, in which the Court held that the plaintiff "impliedly promised 'to use all reasonable efforts to sell the premises' during the period while the 'Agency' continued, whatever that period was; that therefore the agreement was bilateral and not the usual offer of a unilateral contract illustrated by such cases as *Des Rivieres v. Sullivan,* 247 Mass. 443, *Elliott v. Kazajian,* 255 Mass. 459 and *Bartlett v. Keith,* 325 Mass. 265."

It was also held in that case that the defendant "never expressly or impliedly promised to pay the plaintiff the 'fair' value of any 'services' and he has received nothing of value from any 'services rendered', and that 'it was error to allow the jury to find for the plaintiff for the 'fair value' of its services".

The court said also that "either the defendant was liable for a commission or he was not liable at all". This was the exact phraseology of the defendant's fourth request which was allowed by the judge.

Therefore the finding for the plaintiff could not have been made on the second count of the declaration.

We must now decide whether the plaintiff was entitled to a finding on the first count of the declaration. This question was not decided in the case just above cited.

It is to be noted that the written agreement is quite different from what is alleged by the first count of the declaration.

By the terms of the agreement the plaintiff was employed "as the sole and exclusive agent" for the sale of the defendant's property during thirty days, for which he would be paid 5% commission on the "price and on terms mentioned", and not $1,000.00 as alleged in the declaration.

According to the plaintiff the price had to be such as to net the defendant $22,000. while the latter claimed that $22,500. was the agreed amount. The judge found that the amount was $22,000. Therefore it was necessary for the plaintiff to find a purchaser who would pay about $23,100. in order to net the defendant $22,000. after the payment of the commission.

The prospective buyer found by the plaintiff was willing to pay $23,000. and the plaintiff was willing to take only $1,000. for his commission, a sum slightly less than a straight 5% of the selling price.

The sale was not made within the 30 days. Plaintiff communicated his offer to the defendant's wife on the date his agreement expired, and wrote to the defendant a day or two later to the affect that he had a customer.

Assuming, without deciding, that plaintiff found a purchaser who was willing to buy the property on the defendant's term, within the thirty (30) days, we think it was necessary to prove that the prospective buyer was also ready and able to buy the property. *Sherman v. Briggs Realty Co.*, 310 Mass. 408, 412.

In *Buono v. Cody*, 251 Mass. 286, the Court held that the customer's testimony that he was "ready, able and willing to buy the property on the terms stated in the agreement" was enough to raise that question of fact.

But in the instant case there is no evidence whatsoever of the customer's ability and readiness warranting the judge in finding as a fact that he was.

We must conclude then that the first request of the defendant should have been granted and a finding made for the defendant.

The finding for the plaintiff is therefore vacated and a new finding is to be entered for the defendant.

Alan F. Sawyer, for the Plaintiff.

Albion L. Hogan, for the Defendant.