*Municipal Court of the City of Boston*

No. 489301

**HUGH N. HOLMES et al**

v.

**HELEN J. AMES**

(October 23 — November 27, 1959)

*Present:* Adlow, C.J., Gillen & Shamon, JJ.

Case tried to *Glynn, J.*

*Gillen, J.* This is an action of contract by brokers against an owner of real estate, a small apartment house at 69 Mountfort St., Boston. There were two counts, one based on an exclusive agreement for the sale of said property, the second in *quantum meruit* for the fair value of services as such brokers.

The report sets forth that at the trial there was evidence tending to show that on or about June 13, 1958, the plaintiff and defendant executed an "Exclusive" agreement for the sale of the premises at $18,000. As a consequence of this transaction, the plaintiff proceeded to show the property to prospective customers. Some time prior to August 11, 1958, defendant stated that she could not sell the property for $18,000. Prior to August 11, 1958, the plaintiff stated to defendant that she had a customer who had made a deposit of $500. at the asking price of $18,000.

Defendant refused to accept the offer. On August 11, 1958, defendant through counsel, forwarded a letter of revocation.

At the close of the trial and before final arguments the plaintiff made the following request for ruling:

1. The term "exclusive" would not deprive the defendant of the power to revoke the agent's authority and there is no evidence in this case of a valid and conclusive revocation of the agent's authority until August 11, 1958.

The trial judge allowed the request for ruling of law in the following manner. "Yes, as to the statement of law, as to the rest, see finding of fact." — "I find as a fact that the offer by the defendant was revoked before the plaintiff produced any buyer who was ready, willing and able to purchase the real estate in question."

The trial judge found for the defendant.

At times in the report the word "plaintiff" is used when apparently it should be "plaintiffs."

Based on what is contained in the report, no claim of report on the action of the trial judge on the request for ruling of law was made. The complaint of the plaintiffs is that there is an inconsistency or incompatibility between the finding for the defendant and the treatment of the request for ruling of law by the trial judge. With this we do not agree.

At no time did the plaintiffs file a motion to correct the claimed inconsistency as recommended in *DiLorenzo v. Atlantic National Bank of Boston*, 278 Mass. 321. However, a motion for a new trial was filed based on four

grounds. After a hearing where no requests for rulings of law were filed relative to the subject matter pertinent at the hearing of the motion for a new trial, the judge denied the motion for a new trial.

The plaintiffs claim to be aggrieved by the denial of the motion for a new trial. The trial judge reported this to the Appellate Division.

In *Davis v. Boston Elevated Railway,* 235 Mass. 482 at 494, 495, the court said: "The only obligation of a judge in an action of law is to pass upon pertinent requests for rulings of law seasonably presented and to decide the case — This principle applies as well to motions for a new trial as to other steps in the adjudication of a case . . ."

We find no error here.

The trial judge found that the offer was revoked before the plaintiffs produced a buyer who was ready, willing and able to purchase the real estate. On the evidence in the report this finding was warranted. Apparently the judge found that a customer was not produced prior to August 11, 1958.

*Report dismissed.*

Richard E. Wein of Boston, for the Plaintiff.

Hector F. Cicchetti of Boston, for the Defendant.