*Western Division*

## CLEMENT A. PIN and RAYMOND A. MARION
### v.
### ROSE ALMA CLOUTIER

(March 26, 1962)

*Present:* Riley, P.J., Hobson & Garvey, JJ.

Case tried to *O'Connor, J.,* in the District Court of Hampshire. No. 6309.

*Garvey, J.* There was a finding for the plaintiff in this action for a real estate broker's commission on a count which declared on a written contract. A general denial, lack of consideration and cancellation were the principal defenses pleaded by the defendant. From the reported evidence the following facts appear:

A written contract between the parties was executed. It read:

Date: June 23, 1960

### EXCLUSIVE

To: R. A. Marion & C. S. Pin, Realty Broker

You have the exclusive agency for the sale of my property at Five Corners St., (City) Granby, Mass. For Three yrs. at the regular commission rates of Bld'gs 5% — Land 10% for (price) $ Listed Below (or at a greater or lower price if I accept). The professional service and expense of advertising and showing the property shall be entirely borne by you; and in consideration thereof you

shall be entitled to the commission if the property is sold within the said period, by whomsoever sold, and after the termination of this exclusive agency, if sold to a purchaser originally procured by you.

Texaco Station corner W. State &
   Pleasant Sts.                      $50,000.00
Drugstore building on lot with
   85 ft. front                          $40,000.00
Vacant Lot 155.66 by 300 ft. deep
   on W. State St.                      $10,000.00
Machine and gift shop with lots as
   indicated on plan                   $40,000.00

\* Remainder of land including vacant
   house and right of way           $10,000.00

You are authorized to place your regular "For Sale" signs on the property and to show it without and within at reasonable times or by appointment. All lots to be sold in accordance with plan made by AA Solander professions eng. Plan to R. A. Cloutier, Granby, Mass. dated April 1st 1957.

              /s/ Rose Alma Cloutier (Seal)
   ACCEPTED:   /s/ Raymond A. Marion (Seal)
              /s/ Clement A. Pin

\* *We, are concerned only with this parcel.*

Thereafter the plaintiffs placed signs on the property; advertised in various ways; made contacts with and expended money on prospective purchasers, all without success. On *September* 14, 1960 the defendant's attorney notified the plaintiff Marion, by letter, that the contract was cancelled. Plaintiffs re-

plied stating that they did not recognize this attempted cancellation. The parcel in question was sold in November, 1960 for $6,649.30 *to a purchaser procured by the defendant.* There was conflicting evidence of the value, if any, of an old vacant house on the property.

The essential findings and rulings of the trial judge were: that it was a bilateral contract, under seal, giving the plaintiffs an exclusive agency for three years; that the promise of the plaintiffs to bear the expense of advertising and showing the property was adequate consideration; that the letter of the defendant's attorney which purported to cancel the contract was ineffective; and that the building on the land was worthless, the value being wholly in the land. He found for the plaintiff and assessed damages in the amount of $664.93, ten per cent of the sale price.

The defendant requested this report claiming to be aggrieved by the granting of certain of the plaintiffs' requests for rulings of law and to the denial of certain of hers. They were directed to findings and rulings of the trial judge that the contract was (a) bilateral (b) under seal (c) had not been effectively cancelled.

There is a difference between an exclusive agency and an exclusive right of sale. An exclusive agency is a unilateral agreement wherein the owner agrees not to sell, within a stated period, through the efforts of another broker, whereas an exclusive right of sale is a bilateral agreement which gives

to the agent a right to a commission in the event of a sale by anyone within a stated period. The principal question for decision is whether this contract gave the plaintiffs an *exclusive agency* or *exclusive right of sale*. Was the defendant's promise unilateral or bilateral?

If the defendant's promise was unilateral it was without consideration until the performance of the condition of producing a purchaser and the promise could be revoked at any time before performance by the plaintiff.

A sale in good faith by an owner is such a revocation. *Des Rivieres v. Sullivan,* 247 Mass. 443, 446, 448; *Bartlett v. Keith,* 325 Mass. 265, 267.

In the *Des Rivieres* case the owner signed a document in which she agreed to employ the broker as an exclusive agent and to pay him a commission "when a sale is consummated". He was to "do his advertising and showing of the property at his own expense". In the *Bartlett* case the owner signed a document giving the "exclusive sale of property . . . to my agent (broker's. name and price stated) . . . She is to have exclusive sale of same for 90 days".

In both these cases the brokers, who did not sign the documents, made efforts and expended money to secure purchasers but within a reasonable time thereafter, or within the period stated the owners sold the property through their own efforts. In essence, the

court held in both cases, that the agreement was merely an offer on the owner's part without consideration until performance by the broker of the condition of procuring a purchaser, ready, willing and able to buy on the owner's terms and each offer was revoked before performance by a sale in good faith by the owner.

We think, however, in the instant case the agreement was bilateral. It provided "in consideration" of "the professional service and expense of advertising and showing the property" "you shall be entitled to (a) commission . . . by whomsoever sold" at a price "I accept" within three years. The offer of the defendant was accepted in writing by the plaintiffs, and their promise, which they fulfilled, to bear the expense of advertising and showing the property furnished sufficient consideration to make the contract bilateral.

We adopt the reasoning of *John T. Burns & Sons, Inc. v. Brasco,* 327 Mass. 258, where in discussing a bilateral broker agreement, was said at page 263: "It may be that under the written agreement in this case the plaintiff impliedly promised 'to use all reasonable efforts to sell the premises' during the period while the 'Agency' continued . . . . . . . . ; that therefore the agreement was bilateral and not the usual offer of a unilateral contract illustrated by such cases as *Des Rivieres v. Sullivan,* 247 Mass. 443, *Elliott v. Kazajian,* 255 Mass. 459, and *Bartlett v. Keith,* 325 Mass. 265; and that the defendant could

not terminate it during the period by selling the property or otherwise". See also *Coan v. Holbrook,* 327 Mass. 221, *Goward v. Waters,* 98 Mass. 596, 36 B.U.L.R. 285, 286-293.

We doubt that the word "seal" aside the signatures of two of the three parties to this contract is sufficient to make it a sealed instrument. Missing is a *recital* that instrument was sealed, or a statement that it was intended to take effect as a sealed instrument, as required by G. L. (Ter. Ed.) c. 4, §9a. But being of the opinion that there was consideration, whether it was sealed or not, is of no consequence. Neither reference by the parties to the agreement as an "exclusive agency", or the trial judge's finding of an "exclusive agency" is controlling.

The defendant, orally and in her brief, argues that if it be determined that the plaintiffs are entitled to prevail that the damages should be in the amount of 5% of the selling price instead of the 10% awarded by the trial judge. The contract provided for the payment of commissions at "rates of bld'gs. 5% — land 10%". We construe this to mean that on sales of land on which buildings are located a commission of 5% would be paid — on land, without buildings, 10%. There was no request for a ruling by either of the parties on this issue, but assuming it to be properly before us, the trial judge found the building on this parcel to be worthless, and properly fixed damages in the amount of 10% of the selling price.

No prejudicial error being found, the report is ordered dismissed.

George B. Scully of Holyoke, for the Plaintiff.

Donald B. Conway of West Springfield, for the Defendant.