*Western District*

No. 180450.

## TRUCK LEASING SERVICE, INC.

v.

## DONALD N. RYAN, MARY J. RYAN, GEORGE F. DONOHUE, and CHARLES V. RYAN, dba RYAN DRUG COMPANY

Argued: Mar. 18, 1969  Decided: Apr. 26, 1969

*Present:* Garvey, P.J., Moore, Allen, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield    No. 180450.

*Garvey, P.J.* In this contract action there was a finding for the defendants. The plaintiff claimed a report. The plaintiff is a corporation engaged in the business of leasing motor vehicles. The defendants, a partnership, who operate a number of retail drug stores in the Springfield area, by written contract leased from the plaintiff, a panel truck to be used by it in their business. After use (the report does not state the period) by the defendants the motor vehicle was returned to the plaintiff who sues to rec-

over the balance due for rent under the contract.

One of the terms of the contract provided that the plaintiff would "maintain each (sic) vehicle in good mechanical condition". In setting out the evidence at the trial the report in part states: "Breakdowns of the vehicle were frequent. As the sales manager of the plaintiff, Mr. Sisitsky, testified, there was a whole 'rash of breakdowns'. In answer to a question of what went wrong with the car, Mr. Sisitsky testified, 'generally about everything that could happen to a vehicle'. There was testimony from Mr. Goldberg, the vice president and general manager of the plaintiff, that the Corvair was a newly developed car which had problems inherent to it. The linkage and the shifting problems were inherent in the vehicle; most Corvairs had the same general problem."

These admissions warranted the judge's specific finding: "Due to certain problems which were inherent in the vehicle, the plaintiff was unable to do this (keep the truck in good mechanical condition) and thereby did not fulfill its obligation under the lease."

The plaintiff, in argument, says in effect that because of the inherent defects in the motor vehicles leased from it by the defendants it could not perform its obligation to "maintain each vehicle in good mechanical condition" but notwithstanding, the defendants should pay the balance due under the leasing agreement for

the period subsequent to their return of the vehicle to it. It cites no case to support this contention.

In an action such as this it is necessary that the plaintiff allege and prove performance of its obligations under the contract on which it relies. *Buccholz* v. *Green Bros Co.*, 272 Mass. 49, 55. *Jewett* v. *Warriner*, 237 Mass. 36, 37. Having admitted its failure to perform the plaintiff cannot recover. We see no need to discuss the judge's disposition of the plaintiff's several requests for ruling of law. There was no error. **The report is to be dismissed.**

COHEN, DONAHUE and ROSENTHAL
of Springfield for the plaintiffs.

RYAN, McCARTHY and RYAN
of Springfield for the defendants.