Cowdrey, P.J.
This is an action in contract to recover a real estate broker’s commission. Summary judgment was entered for the plaintiff in the amount of $900.00.
The report indicates that on J anuary 29,1971 the parties executed a written agreement for the sale of certain property owned by the defendant. The contract provided:
To Lionel C. Dube, Realty Broker, you have the exclusive right to sell my property at 10 Thurston Street, Somerville, Mass, for 60 days at the regular commission rate óf everything over $27,000... .The professional service and expense of advertising and showing the property shall be entirely borne by you; and in consideration thereof you shall be entitled to the commission if the property is sold within the said period, by whomever sold, and after the termination of this by you. You are authorized to place your regular ‘For Sale’ signs of the property and to show it without and within at reasonable times or by appointment.
The agreement, signed by both the plaintiff as broker and the defendant as owner, expired on March 29, 1971.
On March 12,1971, the defendant sold the real estate in question to a Joseph A. and Marie P. Peters at a purchase price of $27,900.00. Said purchasers were not procured throught any efforts undertaken by the plaintiff-broker. The plaintiff had *254 at no time relevant hereto produced a buyer ready, willing and able to purchase the defendant’s property.
The defendant did not pay a real estate broker’s commission to the plaintiff.
The plaintiff and defendant submitted cross-motions for summary judgment pursuant to Dist.Mun. Cts. R. Civ. P., rule 56. The trial court denied the defendant’s motion and found for the plaintiff in the sum of $900.00.
1. The defendant’s principal contention on this appeal is that the exclusive right of sale accorded to the plaintiff under the parties’ written agreement of January 29, 1971 was properly, and without liability to the plaintiff, revoked by the defendant’s sale of his own property to the third party purchasers. It is well established that the use of the word ‘ ‘exclusive’ ’ is not alone sufficient either to render a real estate broker’s agency irrevocable or to deprive an owner of the right to sell his property personally and without compensation to the broker. DesRivieres v. Sullivan, 247 Mass. 443, 446 (1924); Holmes v. Ames, 18 Mass. App. Dec. 204, 206 (1959). The listing of property with a realty broker is customarily deemed a revocable promise or offer by the owner to pay a commission rather than a binding agreement for the same. John T. Burns & Sons, Inc. v. Hands, 283 Mass. 420, 422 (1933); Horowitz v. S. Slater & Sons, Inc., 265 Mass. 143, 154-155 (1928); Elliot v. Kazajian, 255 Mass. 461-462 (1926). An unaccepted offer may be withdrawn or rejected at any time before acceptance. See, generally, Onanian v. Leggat, 2 Mass. App. Ct. 523, 630 (1974). Thus it has been held that an “exclusive agency” or ‘ ‘exclusive right to sell” which is merely an unilateral promise to pay a commission upon the broker’s securing of a purchaser may be revoked by the owner’s sale of the property, or otherwise, at any time prior to the broker’s performance. Pasquale v. Shore 343 Mass. 239, 246 (1961); Bartlett v. Keith, 325 Mass. 265, 267 (1950); DesRivieres v. Sullivan, supra at 446.
2. Where the contract between a broker and the owner of real estate for sale is bilateral in nature and founded upon consideration, however, the “exclusive right to sell” created under such contract is irrevocable and cannot be terminated without liability to the broker even upon a sale by the owner himself. Lattuca v. Cusolito, 343 Mass. 747, 751 (1962); Coan v. Holbrook, 327 Mass. 221, 223 (1951);John T. Burns & Sons, Inc. v. Brasco, 327 Mass. 261, 263 (1951; Pin and Marion v. Cloutier, 23 Mass. App. Dec. 162, 167 (1962). See also Dwyer v. Walder, Mass. App. Div. Adv. Sh. (1979 150,152, note 2. The contract at issue sub judice clearly falls into this categoiy of bilateral, irrevocable agreements. By its express written terms; the defendant’s promise to pay a commission was made “in consideration of” the plaintiff’s “professional service and expense of advertising and showing the property.” The plaintiffs promise to provide such brokerage services, given in exchange for the defendant’s promise to pay a commission, constituted sufficient consideration to render this contract bilateral and to take this case out of the Bartlett v. DesRivieres rules. Pin and Marion v. Cloutier, supra at 167; John T. Burns & Sons, Inc. v. Brasco, supra at 258.
3. We affirm, therefore, the trial court’s ruling that the defendant’s promise to pay the plaintiff a commission was irrevocable during the term of the parties’ bilateral contract.
Such ruling is not, however, the equivalent of a finding that the plaintiff was entitled to a judgment in his favor as a matter of law. The characterization of a contract as bilateral or of a promise as irrevocable does not automatically entail a right to recover on such contract or promise. The plaintiff s suit is to recover for the alleged breach of contract attending the defendant’s failure to pay the plaintiff a commission. It is familiar law that in an action for breach of contract the plaintiff must allege and prove his performance of all contractual obligations. See, e.g., *255 Waldo Bros. Co. v. Platt Contracting Co., 305 Mass. 349, 359 (1940; Truck Leasing Service, Inc. v. Ryan 41 Mass. App. Dec. 52, 54 (1969). The same burden of proof obviously devolves upon a broker to establish his right to a commission under a bilateral agreement for the broker’s exclusive sale of real estate. Moran v. Bates, 29 Mass. App. Dec. 118, 122(1964). See also Glendon v. Pyne, 275 Mass. 528, 529 (1931); Goward v. Waters, 98 Mass. 596, 598 (1868). To make such performance, or proof thereof, prerequisite to recovery is not to render the parties’ contract a unilateral undertaking. The plaintiff need not show that he procured the ultimate purchaser, but must manifest that he performed some service in accordance with his original promise to provide “professional service and [to bear the] expense of advertising and showing the property’ ’ offered for sale by the defendant herein. The plaintiff’s agreement to advertise and show the property may have in fact contained an implicit promise ‘ ‘to use all reasonable efforts to sell the premises” (John T. Burns & Sons, Inc. v. Brasco, supra at 263); and what would constitute such reasonable efforts or sufficient performance customarily presents a question of fact for the trial court. Preview, Inc. v. Everets, 326 Ma. 333, 335-336 (1950). To absolve the plaintiff of the burden of establishing any performance would render illusory the consideration upon which the parties’ bilateral agreement was premised. Ste, Moran v. Bates, supra at 122-123.
There is nothing in the parties’ contract or in the record before us which would appear to have excused the plaintiff s performance, and thus to have negated the existence of, or rendered irrelevant, this material issue of fact. The actual sale of the property by the defendant-owner did not per se constitute a breach of contract by the defendant which may be deemed in any way to have justified any non-performance by the plaintiff. The obvious inference arising from the contract phrase “by whomever sold” is that the parties contemplated the possibility and propriety of a sale by the defendant or by a third party during the term of the contract.[2] Further, we note by way of dicta that on the basis of the reported evidence the defendant’s sale of his property prior to the expiration of the sixty day contract term does not appear to have deprived the plaintiff of an opportunity to perform. A period of forty-seven days elapsed between the date of the contract’s execution and the date of sale during which no impediment existed to bar the plaintiffs rendition of even the most minimal brokerage services or other efforts to sell the defendant’s realty. The plaintiff thus enjoyed an ample opportunity to do something in aid of the sale of the defendant’s home. Moreover, we do not construe the contract at issue as granting the plaintiff an absolute right to perform for the full sixty day period. The plaintiffs authority and obligation to provide some measure of professional service in an attempt to sell the defendant’s property would have been meaningful and, in fact, only possible up to the actual sale of the property in question. A contrary conclusion that the plaintiff had a right to perform for sixty days would require a finding that a sale of the defendant’s property within the sixty day period, an event incompatible with a full sixty day performance period, was expressly precluded by the parties’ agreement. It is evident, however, that the sale or the possibility of the sale of the defendant’s property before the expiration of the sixty day contract term was contemplated by both parties. Inherent in any election by the plaintiff to postpone performance until the end of the contract period, therefore, was a risk that such delayed performance would be rendered impossible by the prior sale of the property.
4. The plaintiff-broker’s performance of his contractual obligations to provide profes *256 sional services in an effort to sell the defendant’s property constitutes a material question of fact requiring a trial on the merits herein.[3] See Community Nat’ l Bank v. Dawes, 369 Mass. 500, 553 (1976). The trial court’s entry of summary judgment for the plaintiff pursuant to Dist./Mun. Cts. R. Civ. P., Rule 56 is hereby vacated. This cause is remanded for trial in accordance with this opinion.

So ordered.

 The case at bar must be distinguished from decisions wherein a sale by the owner is expressly prohibited by the contract. See, e.g., Coan v. Holbrook wherein the owner agreed “not to withdraw this offer, or to offer said property for sale or lease, or make any disposition of same otherwise or elsewhere, than through” the broker. Ibid, at 220.

 Counsel’s reference in oral argument as to a stipulation on this issue is not decisive. Such stipulation was not set forth in the report submitted to this Division and may thus not be considered. The absence from the report of any stipulation on this issue precludes our determination that any such stipulation was accepted as provident and “conducive to justice” by the trial court. See Pereira v. New England LNG Co., Inc., 364 Mass. 109, 114 (1973); Comstock v. Dewey, 323 Mass. 583, 585 (1949).