Dolan, PJ.
This is an action in contract seeking to recover a brokerage commission alleged to be due to the plaintiff from the defendants. The court found for the plaintiff in the amount of $10,000, and the defendants appealed.[2]
At the trial there was evidence tending to show that on or about August 27,1987, the plaintiff and the defendants, Hilltop Appliance, Inc., Louis R. Crook and Diane Crook, entered into an exclusive listing contract for the sale of the defendants’ business, for a term of one year. According to the written contract, the plaintiff agreed to use its best efforts to market the defendants’ business for sale at a price of $120,000, and to produce a buyer, ready, willing and able to purchase the said business. Upon doing so, the defendants agreed to pay the plaintiff a fee of 12% of the total sale price or $10,000, whichever was more. In addition, the defendants agreed to pay the plaintiff *209 a fee under other circumstances. In pertinent part, the contract stated under paragraph #3:
Owner agrees to pay broker a fee in an amount equal to 12% of the Total Purchase Price setforth above, or aminimumof $10,000, whichever is more, immediately, if any of the following occur: (a) Broker procures a purchaser, ready, willing and able to purchase the Business on the Proposed Terms set forth above; or (b)...; or, (c) owner withdraws the business from sale or purports to term listing contract prior to the expiration of the Sole & Exclusive Period-
In March 1988, defendants entered into a purchase and sale agreement with a potential buyer. The agreement contained several contingencies which were not reached and the buyer’s deposit was returned. The court found that shortly thereafter, and prior to the expiration of the exclusive listing contract, the defendants withdrew their business from sale. The court found for the plaintiff in the minimum amount of $10,000 as provided in the contract for the reason that defendants withdrew their business from sale prior to the expiration of the exclusive period.
Defendants allege that plaintiff may not recover a commission because it failed to produce a ready, willing and able buyer. Tristram’s Landing, Inc. v. Wait, 367 Mass. 622 (1975); Capezzuto v. John Hancock Mutual Life Insurance Company, 394 Mass. 399 (1985). However, in this case, plaintiff is not seeking a commission. Instead, plaintiff seeks damages for breach of the exclusive listing agreement.
Plaintiff agreed to use its best efforts to provide a ready, willing, and able purchaser for defendants’ business. Defendants, in turn, agreed not to withdraw the business from sale for a one year period. If supported by consideration, such an agreement is bilateral and irrevocable during its stated term; if without consideration, it is a unilateral promise that may be revoked. Bump v. Robbins, 24 Mass. App. Ct. 296, 303-304 (1987). The promise “to use all reasonable efforts to sell the premises” has been held sufficient consideration for a bilateral agreement. John T. Burns & Sons, Inc. v. Brasco, 327 Mass. 261, 263 (1951). The issue of whether plaintiff actually used its best efforts was an issue to be raised before the trial judge and is not before this division.[3] We find no error in the court’s finding that defendants breached their agreement.
Defendants’ five requests for rulings of law were all related to the issue of a broker earning a commission on sale. None were applicable to the issue of defendants with drawing their business from sale prior to the termination of the listing agreement. The finding for the plaintiff is supported by the special finding that defendants breached their agreement not to withdraw their business from sale for a one year period. Further written findings were not required.
Report Dismissed.

 The court found for the defendants on the counts in quantum meruit and G.L.c. 93A Those findings have not been appealed.

 The use of a liquidated damage provision in the circumstances of this case was not raised before this division.