## Laurence J. Riley *vs.* George B. Farnsworth.

A declaration alleging that the defendant sold a lot of land to the plaintiff and made and delivered to him an agreement signed by his agents in which they recited the purchase of the land by the plaintiff for a certain sum, and agreed that the defendant should "in all respects fulfil the conditions of sale;" and that the plaintiff tendered the price; but that the defendant refused to convey the land, is bad as not stating what the conditions of the sale were, or that the defendant agreed to do anything.

CONTRACT. . The declaration was as follows: "And the plaintiff says that the defendant, by his authorized agents, G. F. Hunting & Leavitt, auctioneers, made sale at public auction, on the premises in Boston, on December 31, 1870, to the plaintiff, of a certain parcel of real estate, to wit: the land and dwelling-house thereon, same being numbered 23, on Pine Street, in Boston, for the sum of $3850, and made and delivered to the plaintiff an agreement in writing of which the following is a true copy : ' Auctioneers' agreement. Office of G. F. Hunting & Leavitt, auctioneers, December 31, 1870. We hereby acknowledge that Laurence J. Riley has been this day declared the highest bidder and purchaser of house 23 Pine Street, for the sum of $3850, and that he has paid into our hands the sum of $300, as a deposit, and in part payment of the purchase money ; and we hereby agree that the vendor shall in all respects fulfil the conditions of sale. Vendor's name, George B. Farnsworth, mortgagee. G. F. Hunting & Leavitt, auctioneers.' And the plaintiff further says, that the said written agreement was delivered to the plaintiff on the day of the sale and of its date, and at the same time the plaintiff paid to the said G. F. Hunting & Leavitt, the said agents of the defendant, the sum of $300 in money, in part payment for said land and house ; that by the terms of the sale, and by an agreement in writing, signed by the plaintiff, with the defendant, the plaintiff agreed to pay the balance of said price of said land and house, to wit: The sum of $3550, on or before January 15, 1871 ; that. on January 14, 1871, he made an offer and tender of said balance of $3550 to the defendant in legal tender money, and requested and demanded of the defendant a deed of conveyance of

said estate in accordance with his said agreement, and the defendant neglected and refused to make said conveyance."

The defendant demurred, and assigned for cause that the declaration did not state a legal cause of action substantially in accordance with the rules contained in the Gen. Sts. *c.* 129; that it did not appear that the defendant entered into any contract with the plaintiff; that the declaration did not state or purport to state in full the terms of any contract upon which any liability of the defendant was contended for; and that there was no averment that the plaintiff was injured by any alleged breach of contract. The Superior Court sustained the demurrer, and the plaintiff appealed.

*C. Allen*, for the defendant.

*H. G. Hutchins*, for the plaintiff.

CHAPMAN, C. J.   The action is brought upon a written agreement, recited in the declaration, as follows: "Auctioneer's agreement.   Office of G. F. Hunting & Leavitt, auctioneers.   December 31, 1870.   We hereby acknowledge that Laurence J. Riley has been this day declared the highest bidder and purchaser of house 23 Pine Street, for the sum of $3850, and that he has paid into our hands the sum of $300, as a deposit, and in part payment of the purchase money; and we hereby agree that the vendor shall in all respects fulfil the conditions of sale.   Vendor's name, George B. Farnsworth, mortgagee.   G. F. Hunting & Leavitt, auctioneers."   But it omits to state what the conditions of sale were, so that there is no allegation that the defendant agreed to do anything.

The defect is not aided by the allegation that the plaintiff paid $300 at the time in part payment for the property, and agreed to pay the further sum named as the balance on or before January 15, and tendered it on January 14, and demanded a conveyance, for these averments do not allege what the conditions were.   The defects might have been supplied by an amendment, but the plaintiff has elected not to make such amendment, and the court must decide whether the declaration is sufficient as it stands.

*Demurrer sustained.*