NEWTON RUBBER WORKS *vs.* JOHN R. GRAHAM.

Suffolk.    March 7, 1898. — May 23, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Condition — Declaration — Demurrer.*

Where an undertaking is conditional, the condition should be set out in the declaration as a part of the contract, and performance of it averred or the want of performance excused; and the allegation that the plaintiff has done and performed all things on his part in the agreement contained to be done and performed, and that he has kept all of the conditions of the agreement, is not sufficient.

CONTRACT, upon a written agreement alleged to have been made by the defendant with the plaintiff. The defendant demurred to both counts of the declaration, alleging as ground therefor "that the performance of the alleged promise and agreement of the defendant was contingent upon the prior performance of a certain condition, and that it nowhere appears in either of said counts that such condition had been performed or complied with." In the Superior Court the demurrer was sustained; and the plaintiff appealed to this court.

*M. Holbrook,* for the plaintiff.

*Z. S. Arnold,* for the defendant.

MORTON, J. The body of the agreement is an engagement on the part of such creditors of the Quincy Cycle Company as shall sign it to transfer their claims to the defendant upon receiving from him notes or cash therefor as specified in the agreement. There is in it no contract on the part of the defendant that he will purchase such claims, and pay therefor in notes or cash as set forth in the agreement. The question then is whether the defendant's signature to the supplemental line, which reads, "I authorize the above offer, and agree to carry the same out if secured within the time named," imports an absolute or a conditional liability on his part, and if the latter, whether the cause of action, if any, has been well pleaded.

It is clear, we think, that the liability is a conditional one. The defendant authorizes and agrees to carry out the stipulations contained in the body of the agreement, "if secured within the time named" in it. That is plainly a conditional undertaking, and, according to well settled rules of pleading, the condition should have been set out as a part of the contract, and performance of it averred, or the want of performance excused. *Newcomb* v. *Brackett,* 16 Mass. 161. *Whitaker* v. *Smith,* 4 Pick. 83. *Stanwood* v. *Scovel,* 4 Pick. 422. *Codding* v. *Mansfield,* 7 Gray, 272. *Murdock* v. *Caldwell,* 8 Allen, 309. *Riley* v. *Farnsworth,* 111 Mass. 152. *Palmer* v. *Sawyer,* 114 Mass. 1, 13. Pub. Sts. c. 167, § 2, cl. 10. The allegation that "the plaintiff has done and performed all things on its part in said agreement contained to be done and performed, and that it has kept all of the conditions of said agreement," is not sufficient. The condition should also be set out.    *Judgment for the defendant.*