## VIOLA JEWETT *vs.* HORACE A. WARRINER.

Hampden. November 27, 1920. — January 5, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Pleading, Civil,* Declaration. *Contract,* Performance and breach. *Frauds, Statute of.*

In the declaration in an action of contract the plaintiff alleged that she had rendered services as a nurse to the defendant's father-in-law for two weeks, that there was due her therefor $50, that the defendant then agreed that, if she would remain with the patient "for a few days longer until different arrangements were made," he would pay "the entire amount of her bill," and that she did remain and performed services for five days thereafter. At the trial the plaintiff testified that the defendant asked her to stay "till such time as we can take father to the hospital and we will see that you are paid in full;" and that she cared for the patient for five days thereafter and, on the day when she expected that he would be taken to the hospital, she left him. He was taken to the hospital on the following day. *Held,* that the agreement upon which the plaintiff relied in support of her action by her own admission was not fulfilled by her; and that, upon the pleadings as they stood, she could not recover.

In the action above described, it was *stated,* that, if it be assumed that the plaintiff was entitled to recover for the value of her services on the ground that in good faith she had attempted to perform the contract, she could enforce that right only upon a common count for the value of services rendered.

The statute of frauds of the State of Connecticut, Gen. Sts. of Conn. c. 77, § 1089, is not applicable to an agreement by the son-in-law of a patient to pay a nurse for services already rendered to the patient in consideration of further work which she promised the son-in-law to do for the patient and which the son-in-law also agreed to pay for, if it appears that the nurse accepted the son-in-law as her debtor in place of the patient and performed the work promised.

CONTRACT upon an express contract for services as a nurse, described in the opinion. Writ dated August 18, 1917.

In the Superior Court the action was tried before *Callahan, J.* The pleadings, material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $77.09; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot,* for the defendant.

*R. J. Morrissey & J. L. Gray,* for the plaintiff.

CARROLL, J.  The declaration in this case is in one count on a
special contract, the plaintiff alleging that after she had rendered
services for a period of two weeks in the care of John H. Belden,
the defendant's father-in-law, and there was then due her the
sum of $50, the defendant agreed that if she would remain with
Belden "for a few days longer until different arrangements were
made," he (the defendant) would pay her "the entire amount of
her bill;" that she did remain and perform services for five days
thereafter.  Her evidence was that the defendant said to her,
"will you kindly stay till such time as we can take father to the
hospital and we will see that you are paid in full."  She cared for
the patient for five days after this contract was made and on the
day she expected he would be taken to the hospital, she left him.
On the following day he was taken to the hospital where he died
four days later.

The plaintiff did not seek to recover on any of the common
counts for the value of her services, but relied entirely on the
special contract set out in the declaration.  The defendant asked
the trial judge to rule first, that the plaintiff cannot recover on
these pleadings; second, that upon the evidence the plaintiff can-
not recover; third, that "if any contract was made, it was a con-
tract conditioned upon the plaintiff caring for Belden until he
was removed to the hospital, and the evidence does not show
that condition as being performed;" and, sixth, that there is a
variance between the allegations and the proof.

According to the declaration, the plaintiff was to remain with
Belden as his nurse, until different arrangements were made.
According to the testimony, she agreed to remain with him "till
such time as we can take father to the hospital."  On this evi-
dence, under the pleadings as they stand, the plaintiff cannot re-
cover.  The plaintiff did not prove that she remained with the
patient until he was taken to the hospital or until other arrange-
ments for his care were made, and the defendant's first, second
and third requests should have been given.  It was essential for
the plaintiff to prove that the contract as alleged in the declara-
tion was performed by her.  She admitted that she abandoned the
patient on the day before he was taken to the hospital, and there
was evidence from which it could be found that he was left with-
out medicine and without a nurse to care for him.  Even if she

did rely on the statement of the attending physician, that Belden was to be carried to the hospital on the day she went away, she in fact deserted the patient before "different arrangements were made" and when no preparations for removing or caring for him, such as the contract contemplated, were perfected. The agreement upon which she relied in support of her action, by her own admission was not fulfilled by her.

If it be assumed that the plaintiff was entitled to recover for the value of her services, on the ground that she in good faith attempted to perform the contract, this right could be enforced only under a common count for the value of the services rendered, and not under a declaration alleging the breach of a special contract, which she herself has failed to perform. "It is a general rule that, where one breaks a contract to be performed for an entire price, he cannot recover on the contract, because he has not performed it, nor on a *quantum meruit*, because his voluntary failure to complete his agreement prevents recovery, save in restricted instances where there has been an honest intention to go by the contract. *Homer* v. *Shaw*, 177 Mass. 1; *S. C.* 212 Mass. 113. A wilful default in the performance of a stipulation not going to the essence of the whole contract, bars recovery." *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. *Cullen* v. *Sears*, 112 Mass. 299, 308. *Blood* v. *Wilson*, 141 Mass. 25. *Sipley* v. *Stickney*, 190 Mass. 43.

We do not think it necessary to decide whether there was a material variance between the declaration and the proof. See *Newton Rubber Works* v. *Graham*, 171 Mass. 352.

As the defendant's exceptions must be sustained, it is proper to consider the remaining question raised by the defendant, which may arise at a new trial. The contract was made in Connecticut. The Gen. Sts. of Conn. (1902) c. 77, § 1089, were in evidence. They provide that no civil action can be maintained to charge a person "upon any special promise, to answer for the debt, default, or miscarriage, of another, . . . unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith." The Connecticut statute is in substance the same as our statute of frauds. R. L. c. 74, § 1, cl. 2. The plaintiff had no claim against the defendant for the two weeks' services already rendered until the contract was made with him. He did not hire her originally. But if he did in fact agree in con-

sideration of work to be done to pay her what was then due, and she accepted him as her debtor in place of the original debtor, the promise was not within the statute of frauds; and the plaintiff, if she performed the work, can recover. *Alger* v. *Scoville,* 1 Gray, 391. *McNulty* v. *Cruff,* 211 Mass. 489, and cases cited. See *Ames* v. *Foster,* 106 Mass. 400.

As the plaintiff cannot recover under the pleadings as they stand, the exceptions must be sustained.

*So ordered.*