GOLDIE MIRACHNICK *vs.* SAM KAPLAN.

Suffolk.    March 4, 1936. — April 1, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Contract*, Performance and breach.    *Pleading, Civil*, Declaration.

A demurrer properly was sustained to a declaration in which the plaintiff set forth a promise of the defendant to refrain from completing foreclosure of a mortgage upon performance by the plaintiff of certain conditions, but did not set forth such performance by the plaintiff.

CONTRACT. Writ in the Superior Court dated March 5, 1935.

A demurrer was sustained by *Fosdick,* J. The plaintiff appealed.

*G. Gruzen,* for the plaintiff.

*M. Fulman,* for the defendant.

QUA, J. The plaintiff appeals from an order sustaining the defendant's demurrer to the plaintiff's declaration in an action of contract.

After alleging that the defendant had taken possession of the plaintiff's premises for the purpose of foreclosing a mortgage which he held upon them, the declaration states the contract in these words: "it was finally agreed between the plaintiff and the defendant that if the plaintiff would pay to the defendant the sum of one hundred dollars, the plaintiff to continue to occupy the premises that she occupied heretofore, and pay the defendant a rental for such premises, and that the defendant collect all rentals from all the other tenants, that the plaintiff continue with the negotiations with the Home Owners' Loan Corporation for refinancing the said property, that the defendant would remain in possession of the premises under the foreclosure proceedings and would postpone the date of foreclosure of his mortgage from time to time until the Home Owners' Loan Corporation made a final decision on the plaintiff's application." The only breach set forth is that the defendant failed to postpone his foreclosure sale until a final decision upon the plaintiff's application.

Although the alleged contract is not very clearly expressed, it is apparent that under any reasonable construction of the declaration the defendant's promise to delay his foreclosure was conditional: (1) upon the plaintiff paying the defendant the sum of $100, (2) upon the plaintiff paying a rental to the defendant, and (3) upon the plaintiff continuing with reasonable diligence the negotiations with the Home Owners' Loan Corporation for refinancing the property. It was incumbent upon the plaintiff to prove performance of these conditions on her part and likewise to allege such performance in her declaration. *Newton*

*Rubber Works* v. *Graham*, 171 Mass. 352.   *Marsch* v. *Southern New England Railroad*, 230 Mass. 483, 490.   *Jewett* v. *Warriner*, 237 Mass. 36.   G. L. (Ter. Ed.) c. 231, § 7, Twelfth.   There is no positive averment of the payment of the $100, although it is alleged that the defendant executed a paper acknowledging the receipt of that sum. There is no averment at all of any payment of a rental. There is no averment that the plaintiff continued with the negotiations with the Home Owners' Loan Corporation.   It does appear, however, that after the defendant had delayed his foreclosure sale about six months, "the operation of the Home Owners' Loan Corporation was temporarily suspended because of an exhaustion of the funds made available to it"; that after a further delay of about three months the defendant foreclosed by sale; and that after the sale an officer of the Home Owners' Loan Corporation notified the attorney for the defendant "that the corporation was ready to proceed with the plaintiff's application."   All this is by no means equivalent to an allegation that after making the contract the plaintiff continued with the original negotiations.

A reference in the declaration to postponement of the sale from time to time "by oral agreement of the parties" does not change the nature of the original agreement declared upon, nor do away with the necessity for alleging performance of conditions precedent.

For these reasons the demurrer was properly sustained. We need not discuss other reasons.

*Order sustaining demurrer affirmed.*