*Southern District*

No. 6293

### MARCEL J. MASSE et als
### d/b/a MASSE'S MACHINE SHOP
### v.
### SMITHERMAN COTTON MILLS, INC.

*Callan, J.* This is an action of contract. One count now in issue is based on an agreement to build a cotton-wrapping machine together with extras alleged to have been ordered by the defendant. In the other count the plaintiffs seek to recover for labor and materials furnished in the construction of this machine. An answer of general denial and payment as well as a declaration in set-off was filed by the defendant averring that the machine in question was never completed by the plaintiffs according to the plans, nor delivered, with consequent damage to the defendant. (*Potter, J.*)

*The evidence tended to show that* in January, 1953 one of the plaintiffs and the President of the defendant corporation discussed the manufacture of a cotton-wrapping machine in accordance with plans and details already prepared by an engineer. This machine when completed would wrap cotton pads for making bandages and supplant hand labor. It was brought to the attention of the plaintiffs that the defendant had a large contract with the United States government for bandages with deliveries to begin in April, and that it was essential to the defendant that the machine be completed by March 1st.

After figuring the cost to construct the machine from the plans and specifications the plaintiffs submitted a price of $3,500.00. Although the plaintiffs knew that the President of the defendant corporation wanted the machine by March 1st, there was evidence that the plaintiffs did not agree to deliver the machine before April 1st nor that when delivered it would work. The engineer who compiled the plans and specifications proffered his assistance to the plaintiffs, if needed and made known that changes in various mechanical parts might be required. On several occasions certain changes from the original were advised by the engineer and made by the plaintiffs in order that the machine would operate. Certain extra parts were furnished by the plaintiffs upon recommendation of the engineer. There was no evidence that the defendant authorized any extras or had any notice that the plaintiffs were furnishing any extras and the machine was never delivered and no demand for payment was made before this action was brought. During the time spent by the plaintiffs in making the machine there were certain intervals when upon requests of the defendant's officers the plaintiffs directed their attention and time in doing repair work on a cotton-cutting machine, using in all about two weeks' time.

There was evidence that the plaintiffs had difficulty in obtaining parts for the cotton-wrapping machine.

Because of the fact that the machine was not completed within the time as agreed the defendant had to have the work done manually that the machine would have done, if completed, and the difference in the costs to the defendant because of this was $11,500.00. The defendant filed nine requests for rulings as follows, all of which were allowed except No. 8, which was denied in the light of the circumstances and facts found.

"1. The plaintiffs cannot recover the amount alleged in their declaration, because the evidence shows that:

    (a) there was an agreement between the parties that the plaintiffs would build the required machine for the sum of $3,500.00;

    (b) the plaintiffs failed to deliver the machine by the date agreed upon;

    (c) no machine was ever delivered to the defendant, acceptable to the defendant.

2. Baer was neither an employee of defendant nor under its control.

3. Even if Baer could be considered an agent of defendant, he was only a special agent.

4. Baer had no authority to vary the contract between the parties.

5. A special agent with limited authority can bind his principal only while he acts within the scope of the power delegated to him.

6. A person dealing with a special agent is bound to inquire and ascertain the extent of his authority.

7. The burden of proof is on the person desiring to show that any particular act is within the scope of the alleged agent's employment.

8. Plaintiffs, knowing the purposes for which the machine was needed, are liable to the defendant on the counterclaim for damages caused by their failure to deliver the machine.

9. Defendant, on its counterclaim is entitled to recover such damages as reasonably may have resulted from the plaintiffs' breach of its contract."

Ten requests for rulings were duly filed by the plaintiffs all of which were allowed except No. 7, which was denied.

"1. If the plaintiffs constructed the machine in accordance with the instructions of the defendant or its agent they are entitled to be paid as agreed.

2. If the plaintiffs constructed the machine in accordance with the instructions of the defendant or its agent, and while the work was in progress, they were directed to make changes and to use additional labor and material, the plaintiffs are entitled to recover the agreed price for the construction of the machine, together with payment for the additional labor and material.

3. If the plaintiffs were directed by the defendant or its agent to do experimental work in an effort to make the machine operate properly, they are entitled to recover.

4. If the plaintiffs built the machine in accordance with the instructions of the defendant, they should not be charged with the inefficiency of the machine.

5. Salkind was fully authorized to act on behalf of the defendant.

6. Salkind was fully authorized to delegate authority to Baer, to make specifications regarding the construction of the machnie, and to vary the same.

7. Baer was fully authorized to act on behalf of the defendant with regard to the construction of the machine and any changes.

8. An express warranty to build the machine according to plans and specifications necessarily excludes the implied warranty that the machine would work.

9. The plaintiffs are not chargeable with any claimed loss of the defendant due to its not having the machine on its premises.

10. The plaintiffs were not required to deliver the machine."

The judge found for the plaintiffs on the third count in *quantum meruit* for the full amount claimed. Claiming to be aggrieved by this finding, by the

refusal to rule favorably on its requests and the granting of the rulings requested by the plaintiffs, the defendant asked that the same be reported to the Appellate Division for determination.

The evidence indicates that even though the plaintiffs agreed to complete the machine by March 1st they continued with the work seeking to make the machine a workable one, all this with the implied assent, at least, of the defendant. Inquiries by the President of the defendant concern were made from time to time after March 1st as to what progress was being made. The parties expressly extended the time for completion to April 1st and even after April 1st the plaintiffs continued with the knowledge of the defendant to try to complete it. More materials than were called for in the original plans were necessarily used in an attempt to make the machine workable, this with the knowledge and under the direction of the defendant. Many obstacles were encountered in trying to construct the machine and when put to a test before the time limit, the machine failed as a practical matter to do the work desired by the defendant and the defendant realized this.

The judge found that the plaintiffs were unable to produce a machine by March the first; that the defendant knew this and waived the requirement, making April 1st the time for completion. We believe this finding is amply supported by the evidence.

An agreement to modify a contract is supported by the original consideration either when the first contract is waived or rescinded and a new contract with modifying terms substituted for it or when, one of the parties having refused to perform his part of an executory contract the other party instead of resorting to an action for damages makes a new agreement to pay an additional compensation for its performance. *Torry v. Adams*, 254 Mass. 22. A waiver may be manifested by acts as well as by the words. Parties have a right to make a stated time for performance the essence of a contract, but this does

not prevent the waiver by parties of such terms. *Porter v. Harrington,* 262 Mass. 203; *Taxi Service Co. v. Gulf Refining Co.,* 252 Mass. 314.

The judge by his allowance of the defendant's requests for ruling No. 1 found that there was an express contract between the parties to build the machine for $3,500.00 and that no machine had been made nor delivered to the defendant. For this reason the plaintiffs could not recover under the count on the express contract, although, the plaintiffs exercised good faith.

The judge was correct in his finding for the defendant on the count covering the express contract. In order for the plaintiff to recover there must be complete performance. The proof must establish the performance of the contract. To recover on the contract it is not enough to show that the plaintiffs acted in good faith and substantially performed the agreement. *Glazer v. Schwartz,* 276 Mass. 54, 56. Even though the plaintiffs experienced difficulties in obtaining parts they were not relieved. *Beacon Tool & Mach. Co. v. Nat. Products Mfg. Co.,* 252 Mass. 88.

The main issue in this case is whether the plaintiffs being unable to recover on the express contract can recover in *quantum meruit* for the labor and materials furnished in substantially completing the machine. "One who has voluntarily failed to perform his contract cannot recover on a quantum meruit for the part performed by him." *Homer v. Shaw,* 177 Mass. 1, 5; *Jewett v. Warriner,* 237 Mass. 36. This rule has been relaxed to allow recovery subject to appropriate recoupment, on a count in quantum meruit on a building contract which has been substantially performed in good faith and without intentional or material departure. *Bowen v. Kimball,* 203 Mass. 364; *Smedley v. Walden,* 264 Mass. 393; *Glazer v. Schwartz,* 276 Mass. 54; *Cueroni v. Coburnville Garage, Inc.,* 315 Mass. 135; *Walsh v. Atlantic Research Associates, Inc.,* 321 Mass. 57. The one for whom the work is performed or materials furnished

must have received some benefit as the result of the partial performance. *Gillis v. Cobe,* 177 Mass. 584. We think this rule applies equally to a substantially performed contract concerning personal property where the party for whom the contract is to be performed has received some benefit. *Burke v. Coyne,* 188 Mass. 401, 405; *Douglas v. Lowell,* 194 Mass. 268. As was stated by the court in *Bowker v. Hoyt,* 18 Pick 555, "It is evident that there is this difference between the partial performance of a contract to deliver personal property and the partial performance of a contract to do work on a building, part of the defendant's real estate; when the contract is to deliver personal property, the part delivered can be returned on the plaintiffs refusing to complete the delivery called for by the contract. In case the contractor refused to complete the work which he has contracted to do on the defendant's real estate, the part done cannot be returned. It is settled in such a case that he can recover the reasonable value to the defendant resulting for the partial performance only when he has substantially performed the whole contract and has intended in good faith to perform the whole."

But in the case in issue there was no evidence that the machine was substantially completed. It was never delivered to the defendant. The plaintiffs never notified the defendant that the machine was ready and no invoice or demand for payment was made before the bringing of this action. Whether or not the machine if completed would have performed the work the defendant contemplated is immaterial. All the plaintiffs agreed to do was to build the machine according to the plans and specifications. There was no agreement or warranty that the machine would perform a certain function.

The judge, as we construe his findings, found that the defendant waived the necessity of completing the machine. He found, "from all the reasonable in-

ferences to be drawn from the evidence and testimony all the parties realize that the machine could not operate as a practical matter as contemplated and that it did not make any difference even though frequent inquiries were made and continued to be made by the defendant after the expiration of the time when the machine was to be completed." There does not appear to be any evidence to support this finding.

So far as the right of the defendant is concerned for recovery in set-off the judge was correct in the application of the law involved as is evidenced by his granting of defendant's request No. 9. In his finding for the plaintiffs in the declaration in set-off and for the plaintiff on count 3 in the full amount declared on he in effect found the defendant suffered no damages even though there was evidence of damage suffered by the defendant in excess of what the judge found the plaintiffs were entitled to recover.

The finding on count 3 should be for the defendant and accordingly the finding for the plaintiff on count 3 is vacated and judgment is entered for the defendant.

*So ordered.*

S. Rosenberg, for the plaintiff.

P. Barnet, for the defendant.

*Southern District*