*Southern District*

## WILLIAM L. DALEY, d-b-a
### v.
## BURKE CONSTRUCTION, INC.

*Present*: Nash, P.J., Cox and Welch, JJ.

Case tried to *Ware, S.J.,* in the Second District Court of Plymouth. No. 24542.

*Welch, J.* This is an action of contract to recover for work, labor and materials. The writ was dated January 10, 1957.

In count *one* the plaintiff alleged that he was hired by the defendant to install complete heating systems in three houses in Rockland for $1425. The defendant paid $835, leaving a balance of $590. Count *two* is for work done and materials furnished according to an account annexed. The defendant in its answer admitted the contract but denied owing any money. It further answered by way of recoupment that the plaintiff did not perform his contract within the time agreed upon. It also filed a declaration in set off. It did not make an election as to recoupment or set off.

*There was evidence that* for about two years previously the defendant had employed the plaintiff to install heating systems involving sheet metal work. The plaintiff's work had been satisfactory. The houses here in question were to be heated by gas and it was agreed that the plaintiff would install the systems in three houses for $475 each. When the plaintiff received a call from the defendant he would do the rough work and upon

receiving a later call he would install the furnaces.

The plaintiff's evidence was that the furnaces were installed on December 7, 1956; that all the work on these heating systems was completed on January 10, 1957 with the exception of the installation of registers and the delay in their installation was due to the failure of the defendant to have the work ready for such installation.

According to the plaintiff the entire installation, including registers, was completed by January 13, 1957.

The defendant's evidence was that on January 4, 1957 the plaintiff was notified to complete the work in the three houses and the plaintiff did not complete the work until after the writ was brought. It was the contention of the defendant that the plaintiff was to be paid upon completion of the entire contract. The defendant's only complaint was that the work was not done on time.

In its brief the defendant argues that the refusal of the judge to grant requests numbered 2, 5, 7 and 9 was error.

These requests were as follows:

2. It is a general rule that where one breaks a contract to be performed for an entire price, he cannot recover on the contract because he has not performed it, nor on quantum meruit, because his voluntary failure to complete his agreement prevents recovery, *Jewett v. Warriner*, 237 Mass. 36.

5. There is evidence to warrant a finding that the plaintiff instituted his action without performing the contract, or the work that he was supposed to do.

7. The evidence warrants a finding that the plaintiff has failed to perform his part of the contract.

9. Upon all the evidence the defendant is entitled to recover in set off.

Requests numbered 2 and 5 were denied as not being in accordance with findings of fact.

The judge made special findings as follows:

"I find that there was an agreement between the parties and that the plaintiff was to furnish and completely install heating systems in three houses and that the defendant was to pay the plaintiff the sum of $1425. There was no evidence as to completion date. I further find that the plaintiff's writ was dated January 10, 1957, three days before the plaintiff had completed his contract; that the plaintiff had been paid $685 and that on January 11, 1957 the defendant made a further payment of $150 to the plaintiff which reduced the balance due to the plaintiff on the contract price to $590. I find that if there was any delay in performance by the plaintiff that it in no way damaged the defendant as there was no evidence that there was any sale of the houses pending. I, therefore, find for the plaintiff on count two in the amount of $590 together with interest and costs."

We think that there was no error in the denial of request No. 2. The plaintiff did not rely entirely on the special contract. In count two he seeks to recover on a common count for work done according to an account annexed. This he had the right to do and the court found for him on that count. *Jewett v. Warriner*, 237 Mass. 36, 37.

There was no error in the denial of

request No. 9. This request did not comply with Rule 27 of the District Courts in that no specifications were filed. *Gibbons v. Denoncourt,* 297 Mass. 448, 450.

However, there was error in the denial of requests No. 5 and 7. There was evidence and the trial judge expressly found that the writ was brought three days before the completion of the contract. In *DeNuccio v. Caponigro,* 259 Mass. 365, 367 it was said that "It is elementary that an action at law cannot be maintained if at the time the writ is sued out there is not in existence a complete cause of action. . . . A defendant is entitled to protection against the harrassment of actions prematurely brought." *Krasnow v. Krasnow,* 253 Mass. 528.

The finding for the plaintiff is vacated and judgment is to be entered for the defendant. *So ordered.*

Daniel L. O'Donnell, of South Weymouth, for the Plaintiff.

Schair & Duquet, of South Braintree, for the Defendant.