ISADORE H. Y. MUCHNICK & another *vs.* BAY STATE HARNESS
HORSE RACING AND BREEDING ASSOCIATION, INC.

Suffolk.   October 6, 1960. — January 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Contract,* Construction, Condition precedent.   *Words,* "Prior payment,"
"Subject and subordinate to," "Except as hereinafter provided."

Read in its entirety, a lengthy debenture, one of a series issued by a
   corporation, containing a promise by it to pay a specified amount on a
   certain date "except as hereinafter provided," followed by provisions,
   among others, that it was issued "upon the condition" that it was "sub-
   ject and subordinate to" the corporation's bank obligations "and to the
   prior payment in full" of certain corporate mortgage notes in a large
   aggregate amount, and "also subject and subordinate to" all unpaid
   debts incurred by the corporation for operating expenses, made pay-
   ment of the mortgage notes a condition precedent to the right of the
   holder of the debenture to payment of the debenture and did not merely
   give the holders of the mortgage notes a preference in the order of
   payment.

CONTRACT.   Writ in the Superior Court dated July 23,
1959.

A demurrer was heard by *Macaulay, J.*

*Lawrence H. Adler,* for the plaintiffs.

*Gerald Gillerman,* (*Marshall L. Tutun* with him,) for the
defendant.

WILKINS, C. J.   In this action of contract in two counts,
each by a different plaintiff to recover upon an "unsecured
debenture," the judge sustained a demurrer and, staying
further proceedings, reported his ruling to this court.   G. L.
c. 231, § 111.

Count 1 alleges that the defendant for a consideration
executed and delivered to the plaintiff Muchnick an "un-
secured debenture" in the principal sum of $12,500, the due
date of which is June 1, 1954; and that after maturity the
plaintiff demanded payment, which was not made.   Count

2 alleges that the plaintiff George B. Rittenberg is the owner of the same debenture, and that it was originally issued to Muchnick and by him assigned to the plaintiff Rittenberg, who is the registered owner, and who after maturity demanded payment, which was not made.

The debenture, bearing the identification "No. 10," is a lengthy document filling three pages in the printed record. It is entitled "Unsecured Debenture Due June 1, 1954 Subordinated as Set Forth Below," and is dated at Boston June 26, 1958. We quote pertinent provisions. [1] The defendant "promises to pay to Isadore H. Y. Muchnick assignee by mesne assignments of an interest in original debenture No. 2, or registered assigns" at the office of the company "on June 1, 1954, except as hereinafter provided" the sum of $12,500 without interest. [2] "This debenture is one of a series of debentures originally issued August 19, 1947, aggregating $233,300 all of which are issued without priority or preference one over the other, and are being issued, received and held subject to the terms, conditions and provisions hereinafter contained." [3] The debenture is redeemable at any time before maturity at the option of the defendant. "Except with the consent in writing of the registered owners of all outstanding debentures issued for said $233,300, the company shall not redeem or retire any of its debentures except on a pro rata basis among the registered owners of all of said outstanding debentures. [4] This debenture is issued . . . upon the condition that it is subject and subordinate to bank obligations of the company as maker, endorser or guarantor, now or at any time hereafter outstanding, and to the prior payment in full of principal and interest on the following notes of the company. (a) A note of $400,000 to Elias M. Lowe [sic] dated July 16, 1947. (b) A note of $100,000 to Julius L. Shack dated July 16, 1947. Said notes . . . are secured by a first mortgage of $500,000 on the land and buildings of the company situated in Foxboro, Norfolk County, Massachusetts. (c) A note dated August 18, 1947, for $200,000 payable to Norfolk County Concessionaires, Inc., and assigned

to Elias M. Loew, said note being secured by a second mortgage on the said land and buildings of the company in said Foxboro. (d) A note for $50,000 and two notes for $25,000 each, all dated August 18, 1947, payable to Paul F. Bowser . . . said three notes being secured by a third mortgage of $100,000 on said land and buildings of the company in said Foxboro. [5] This debenture is also subject and subordinate to all unpaid debts incurred by the company for operating expenses, whether represented by open account, negotiable or non-negotiable promissory notes, secured or unsecured, or other form of writing.''

There were two identical grounds of demurrer to each count. The first ground quoted from paragraphs 4 and 5 and set forth that the count "fails to allege either the performance or excuse from performance of all of the aforesaid conditions to which payment of the debenture is expressly made subject, namely, the prior payment in full of bank obligations, three mortgage notes of the defendant in the total face amount of $800,000, and all unpaid debts incurred by the defendant for operating expenses." The second ground set up legal insufficiency.

The principal question is whether the language, read as a whole, merely gives certain creditors of the defendant a preference in the order of payment or whether there are words which create a condition precedent to the right of a plaintiff to maintain his action. If prior payment of any of the designated obligations is a condition precedent, its performance or the reason for nonperformance should have been alleged in the declaration, G. L. c. 231, § 7, Twelfth, and the demurrer was rightly sustained. See *Mirachnick* v. *Kaplan,* 294 Mass. 208.

The debenture is in a form peculiar to itself. Although it is dated more than four years later, its title gives a due date of June 1, 1954, "Subordinated as Set Forth Below." We are unable to attribute great significance to the difference in dates. "No. 10" is one of a series "originally issued August 19, 1947." We cannot be sure whether there was a new edition of a form of debenture due June 1, 1954,

341 Mass. 578                                                    581

Muchnick v. Bay State Harness Horse Racing & Breeding Association, Inc.

or whether "No. 10" was individually prepared in its entirety on June 26, 1958. We reject the contentions that the retention of the date of June 1, 1954, was an acknowledgment that an overdue instrument was issued on June 26, 1958, and that the only need to retain a past "due" date was for the purpose of computing interest from a maturity date which had gone by. No explanation is suggested why, on that hypothesis, the provision for redemption before maturity (paragraph 3) was retained. Certainly a more cumbersome method of stating a simple arithmetical fact could hardly be imagined. A much more reasonable inference is that all the debentures in the series were to be kept uniform so far as possible. They were "issued without priority or preference one over the other" (paragraph 2). The defendant, except with the consent of all registered holders, could redeem or retire the debentures only on a pro rata basis (paragraph 3).

Another reason why the title does not indicate an unconditional maturity date of June 1, 1954, is that such a construction would ignore the words "except as hereinafter provided" in the paragraph qualifying the efficient verb "promises to pay" (paragraph 1). It would also be unacceptable oversimplification. An equally unacceptable oversimplification, looking in the contrary direction, would be to base an interpretation of a conditional maturity date solely upon the statement in paragraph 2 that the debenture is held "subject to the terms, conditions and provisions hereinafter contained."

The plaintiffs, in effect, make the argument that the total effect of all the language is to subordinate the debenture to other obligations of the defendant. The other obligations are of three general categories. The debenture was issued "upon the condition that it is subject and subordinate [A] to bank obligations," present or future, and [B] "to the prior payment in full of principal and interest" of six mortgage notes dated in 1947 (paragraph 4); and [C] "is also subject and subordinate to all unpaid debts . . . for operating expenses" (paragraph 5).

We assume, but without deciding, that the words "Subordinated," "subject to," and "subject and subordinate to," by themselves, in the circumstances do not create a condition precedent. But it is clear to us that "subject and subordinate to," when read with "the prior payment" of the mortgage notes, does create a condition precedent as to those notes. In this connection we are of opinion that "prior" clearly means prior in time and not prior in right; and, contrary to the plaintiffs' contention, that it does not relate to priority in right in case of insufficiency of assets.

The plaintiffs lay some stress upon the word "also" in paragraph 5. The phrase, "also subject and subordinate to all unpaid debts," it is contended, shows that all three types of indebtedness are treated alike. This argument overlooks the fact that the only other use of "subject and subordinate to" relates both to "bank obligations" and to "prior payment" of the mortgage notes. There is no repetition of "subject and subordinate to" as to the mortgage notes alone. We believe that this argument emphasizes the importance of the phrase "prior payment," and that its absence elsewhere and its presence here are significant. After all, if in the distribution of assets there was subordination of the debenture to the three classes of indebtedness to which it was subject, the words "prior payment" would be meaningless surplusage.

The plaintiffs contend that since the defendant's undertaking was to pay the principal amount "on June 1, 1954, except as hereinafter provided," it falls within statements in Murray v. Continental Ins. Co. 313 Mass. 557, "where the exception is not stated in terms, but is mentioned . . . in the clause of the contract describing the defendant's duty or obligation by reference . . . to some other subsequent or prior clause of the . . . contract . . ." (pages 563–564), and where the defendant must plead or prove facts coming within the exception (page 565). The present case, however, more closely resembles the situation described in other language of the Murray case. At page 561, there is reference to a form of policy where "the words 'except as herein

provided' appearing in the insuring clause . . . are sufficient to import into the insuring clause a description of the risks mentioned in the 'Hazards not covered' clause so that exclusion of such risks is made a part and parcel of the description of the coverage in the insuring clause itself to the same extent as if they were expressly and specifically written in said clause . . . .. In that event, the insuring clause itself would fully, completely and definitely fix the extent of the coverage, and the insured would have to prove that the loss arose from a risk included in the coverage as thus established and thus limited." Nothing contrary to our holding appears in *Corbett* v. *Derman Shoe Co.* 338 Mass. 405, 412.

The presence of a comma between "June 1, 1954" and "except" is of no significance on the issue of interpretation. This is approved punctuation in giving the full date. A Uniform System of Citation (10th ed.) p. 102 (Harv. L. Rev. 1958).

An argument would not be valid that the debenture should not be construed as containing a condition precedent because the information as to payment is better known to the defendant. Proof in the present case is less arduous for either plaintiff than would be proof of a promise to pay when able. The latter promise is conditional and enforceable only on proof that the ability exists. *Randidge* v. *Lyman,* 124 Mass. 361, 364. *Smith* v. *Graham Refrigeration Prod. Co. Inc.* 333 Mass. 181, 184.

The first ground of demurrer in so far as it refers to the mortgage notes is good.

It is unnecessary to consider whether count 1 is also demurrable for failure to allege that the plaintiff in that count is the registered holder of the debenture.

*Order sustaining demurrer affirmed.*