*Western District*

**ANDREW FEDOR**

v.

**MONSANTO CHEMICAL COMPANY**

Argued: June 28, 1965—Decided: Sept. 15, 1965

*Present*: Levine, J., (Presiding) & Allen, J.

Case tried to *Walsh, J.* in the District Court of Springfield. No. 64 T 129.

*Allen, J.* This is an action of contract originally brought in the Superior Court for the County of Hampden and by that court transferred for trial to the District Court of Springfield under the provisions of G. L. c. 231, §102c as amended. The case was submitted to the court on a statement of agreed facts. The judge found for the defendant and the plaintiff claimed a report.

The plaintiff, a former employee of the defendant, seeks to recover from it

supplementary payments in excess of amounts he received under Workmen's Compensation for injuries received while in its employ. These supplementary payments are alleged to be due under the terms of a contract between the defendant and the Monsanto Industrial Union, of which he was a member. The declaration was in one count and the answer was a general denial.

■ The requests for rulings of law submitted by the plaintiff have no standing. A case submitted on statement of agreed facts is like a case stated and it is the duty of the trial judge and this court to order a correct finding. *Kimball v. Medford,* 340 Mass. 727, 728, 729; *Simmons v. Cambridge Savings Bank,* 346 Mass. 327, 329.

The statement contained, inter alia, the following: The plaintiff entered the employ of the defendant in the year of 1955 and left on March 10, 1960. He was a member of the Monsanto Industrial Union while so employed. The union had a contract with the defendant which provided that the company would supplement poyments made under the industrial accident statutes to no less than two thirds of the employee's straight time earnings.

The contract provided: "Grievances as to the meaning or application of the provisions of this Agreement shall be settled by the employee directly with his foreman or supervisor. If not settled in that manner, then as

follows: Step I: By the assistant foreman or foreman and the department steward. Step II: Should Step I fail, then by a grievance committeeman and the supervisor and superintendant. Step III: Should Step II fail, the grievance committee may 'take the matter up' with the plant management." Details for meetings and time thereof were provided.

In the event agreement could not be reached at Step III, Step IV provided "either the union or the company may within 30 days of the final decision of Step III of the grievance procedure, give notice to the other party of its desire to arbitrate." If they could not agree on an arbitrator within 15 days either party could request the American Arbitration Association to appoint an arbitrator. "The arbitrator shall render his decision within 15 days after hearing the case and the decision of the arbitrator shall be final and binding and shall determine the subject of the arbitration for the duration of this Agreement." There were also provisions for the employees to be represented and time limits for action under the various procedures. His average regular straight time earnings while employed by the defendant were $84.40 in 1957 and $97.00 in 1960.

On February 4, 1959, the plaintiff filed a claim under the Workmen's Compensation Act for injuries received in the course of his employment. By notice dated March 15, 1960, the Division of Industrial Accidents approved

*a lump sum payment of* $4500.00 by the company in settlement of this claim. On March 10, 1960 the plaintiff filed another Workmen's Compensation claim based on another accident. By notice dated June 20, 1961 the Division of Industrial Accidents approved *a lump sum payment of* $4850.00 by the company in settlement of this claim. The plaintiff never received any supplementary payment from the defendant under the terms of the contract with the union.

■ The finding for the defendant by the trial judge was correct. In the event of a dispute between employer and employee the contract provided for the procedure to be followed by the parties before the commencement of an action at law. It was incumbent upon the plaintiff to prove he complied with this procedure. *George v. Goldman,* 333 Mass. 496; *Mirachnick v. Kaplan,* 294 Mass. 208; *Jewett v. Warriner,* 237 Mass. 36, 37. This he did not do.

■ The construction of a written contract, where there is no ambiguity is a question of law. *Hiller v. Submarine Signal Co.,* 325 Mass. 546; *Sherman v. Employers' Lia. Assurance Corp. Ltd.,* 343 Mass. 354.

■ "Whether a contract is entire or divisible is largely a question of the intention of the parties." This contract was not divisible. The plaintiff is bound by the entire contract and cannot take advantage of some of its terms and reject others. *Walsh v. Atlantic Research*

*Associates, Inc.,* 321 Mass. 57, 63.

The plaintiff having failed to comply with the conditions to be fulfilled on his part cannot hold the defendant for an alleged breach on its part. He was bound by its terms even though circumstances had changed. *Stoneham v. Savels,* 341 Mass. 456, 459; *Boyden v. Hill,* 198 Mass. 477, 483, 484.

*The report is to be dismissed.*

Louis Kerlinsky, of Springfield, for the Plaintiff.

Simpson, Clason, Callahan & Guistina, of Springfield, for the defendant.