550 So.2d 490 (1989)
Thuy Thanh NGUYEN, Appellant,
v.
ROTH REALTY, INC., a Florida Corporation, F/K/a Florida Businesses and Commercial Realty, Inc., Appellee.
No. 89-159.
District Court of Appeal of Florida, Fifth District.
September 14, 1989.
Rehearing Denied October 26, 1989.
*491 Ronald A. Nour, Ormond Beach, for appellant.
Bruce A. Hochstetler, Daytona Beach, for appellee.
EATON, O.H., Jr., Associate Judge.
Nguyen appeals a final judgment rendered against him in a suit for a real estate commission.
On June 23, 1986, the parties entered into an exclusive right of sale contract for the sale of real estate. By its terms, the contract expired on December 31, 1986. It also provided for payment of a real estate commission after the expiration if the purchaser was "anyone with whom REALTOR or those working by or through the REALTOR, or the owner, has had negotiations prior to Termination Date." However, in order to be entitled to the commission after the expiration date of the contract, the realtor had to comply with a condition precedent. That condition required the realtor "to furnish to Owner no later than ten (10) calendar days after Termination Date, a list of the names of all those parties to whom Property has been shown by the REALTOR and those working by or through the REALTOR prior to Termination Date."
Roth Realty did not provide the name of the one party to whom the property had been shown and Nguyen ultimately sold the property to that party. Naturally, Roth Realty, Inc., sued.
Nguyen moved to dismiss the complaint because it failed to allege compliance with the condition precedent contained in the contract. The motion was heard just before commencement of the trial and it was denied. The issue was renewed to no avail by Nguyen after Roth Realty, Inc. rested its case and again by post trial motion.
The issue on appeal is whether the complaint stated a cause of action without alleging the condition precedent.
At common law, every condition precedent had to be alleged. Trawick, Fla. Prac. and Proc., § 6-20 (1988 ed.); Carson, Florida Common Law Pleading Practice and Procedure, p. 76 (rev. ed. 1940); Crandall, Florida Common Law Practice, subsection 65 (1928); Newton Rubber Works v. Graham, 171 Mass. 352, 50 N.E. 547 (1898). Prior to the modern rules, general averment of performance of conditions precedent was allowed by statute. Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 So. 171 (1903). Florida Rule of Civil Procedure 1.120(c) now authorizes that procedure in place of the statute.
In Florida courts, a complaint must state a cause of action. Fla.R.Civ.P. 1.110(b). While federal courts are inclined to ignore proper pleading requirements, that is not so in Florida practice. Trawick, Fla.Prac. and Proc., § 7-5.1 (1988 ed.). Craftsmanship in pleadings frame the issues between the parties so they can "know what they've got to meet and get ready to meet it." Massey-Ferguson, Inc. v. Santa Rosa Tractor Company, Inc., 366 So.2d 90 (Fla. 1st DCA), cert. denied, 376 So.2d 75 (Fla. 1979). The failure to allege compliance with the condition precedent made the complaint in this case fatally defective. Babe, Inc. v. Baby's Formula Service, Inc., 165 So.2d 795 (Fla. 3d DCA 1964). See Ashley v. Lamar, 468 So.2d 433 (Fla. 5th DCA 1985); San Marco Contracting Co. v. State Dept. of Transportation, 386 So.2d 615 (Fla. 1st DCA 1980); Massey-Ferguson, Inc. v. Santa Rosa Tractor Company, Inc., supra; Capital Nat. Bank v. Southern Pine Isle Corp., 353 So.2d 600 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1363 (1979); Old Republic Ins. Co. v. Von Onweller Const. Co., 239 So.2d 503 (Fla. 2d DCA 1970).
Both in its brief and at oral argument, appellee requested leave to amend the complaint in the event it lost this appeal. However, in this case appellee was on notice that its complaint was suspect. Instead of reevaluating its position, it chose to rely upon the ruling it urged upon the trial court. In so doing it proceeded at the clear risk that the ruling was incorrect. *492 To reverse and allow amendment at this late stage would be to ignore the clear policy of the courts of this state which disapproves reversing a judgment and then allowing the losing party to amend to assert matters not previously raised. Such a procedure would substantially extend litigation, expand its costs, and make a mockery of the concept of finality in our system of justice. Arky, Freed, et al. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla. 1988). Furthermore, it was established at trial that appellee did not comply with the condition precedent.
The judgment is reversed with directions to the trial court to enter judgment for appellant.
REVERSED.
DANIEL, C.J., and GOSHORN, J., concur.